The President
delivered his opinion, in which the other Judges concurred.*
Upon the proofs in this case, it is unnecessary to decide the question of jurisdiction. The evidence in the record does not only raise the suspicion of fraud in the deed (as was admitted by the counsel for the appellant,) but is so strong, as, in my opinion, to render it very improbable, if not impossible, that it can be refuted by any testimony hereafter to be taken. On a motion to dissolve, it ought not to be required of the defendant, to invalidate, by full proof, the allegations in the bill. The burthen of proof lies on the plaintiff to support them. Having obtained the injunction on the prima facie evidence of his oath, or other proofs, all that is expected of the defendant is, to shew that it is entitled to no credit. To wait For Full proof, before the injunction is dissolved, would produce greatdelay and much mischief. In no case, could the injunction be dissolved until the cause was ready 'for a final hearing; and in every case, by an appeal from the decree, the injunction would be continued until the final decision of the case in this Court. There might be more hesitation in affirming the decree of the Chancellor, if the appellant would be deprived thereby of his right to produce Further evidence; but that not being the effect of the affirmance of the decree here, for the reasons stated the decree is affirmed.

 Judge Camm, absent.