Judge Carr
delivered his opinion.
Tinsley’s administrator filed his bill against Clarke, a former Sheriff of Pittsylvania, stating, that his intestate had sent by mail to the defendant, Clerks’ tickets for collection, keeping a list, and sending on one for the Sheriff to enter a receipt on, and return: that no receipt has been returned, so that he is without remedy at .law. The bill, therefore, prays a discovery, an account, and decree for what may be found due. The defendant filed a very vague and unsa-' tisfactory sort of answer, stating, the length of time that his deputies did the business: that he has no doubt, if they ever received any fee bills, they have accounted for and paid them: that some of them are removed, some dead, and he does not think he ought to be sued after such a length of time. (He was Sheriff in 1808 and 1809, and deputy in 1810. The bill was filed in 1814 ) At the May Rules, 1815, the answer was filed, the plaintiff replied to it, and a commission issued. Under this commission, the deposition of Richard Jeffries was taken. At the October Term, 1815, by consent, the replication was set aside, and leave *251 given the plaintiff to amend his bill, and to the defendant, to amend his answer. The amended bill calls for a more particular answer; that the defendant may say, whether he did not, while Sheriff, in 180S-9, or while deputy, receive tickets from Tinsley, as per list filed with the bill; whether he or his deputies did not keep books, and if so, is there not some entry of these there; and calls for extracts, &e. &c. The amended answer gives rather a lame account of the matter, speaks of the books, of tickets being entered in them, of payments made, &c. but produces no extracts. This answer was filed at the May Rules, 1817, and a replication and commission taken; and at the April Rules, 1818, the cause was set for hearing by the plaintiff. At the May Term, 1818, for reasons appearing to the Court, the replication is set aside, and the cause remanded to the Rules. At the October Rules, 1818, the plaintiff filed exceptions to the answers, and gave a Rule for a better answer; and the defendant insisting on the sufficiency of his answers, the plaintiff set down his exceptions for argument. Then comes this entry, at the May Term, 1819. “ This cause came on this day to be heard on the bills, answers, exhibits and the examination of a witness, and upon the exceptions to the answers; on consideration whereof, the Court doth refer the accounts to a commissioner, who is to examine, &c.” in the usual style. The commissioner reported a balance against the defendant, stating that the account was founded on the bill and answer, and deposition of Jeffries. After the report returned, but before it was acted on, the defendant took two depositions; one of his clerk, stating the information given by the books; the other of a witness, proving that the former was his clerk, while he was Sheriff. The Chancellor, in October, 1820, renders a decree on the report, as one to which there was no exception.
The course pursued at the hearing, as the record terms it, when the case came on upon the exceptions, was a singular one. The replication having been withdrawn, and *252 the cause sent to the Rules; all which had been done under the replication, was undone; and among other things, the deposition, which had been taken, was suppressed. When the cause came again before the Court, it was not for a hearing; there was nonissue between the parties on the main subject. It was simply an appeal to the Court, to decide whether the answer was sufficient, or not. If it was thought sufficient, the exceptions would be over-ruled, and the cause sen}, back for further proceedings, to give the plaintiff a chance to reply, and take evidence. If the answers were deemed insufficient, the exceptions would be sustained, and the defendant ordered to put in a better answer; and the cause would be sent back to be matured for hearing. Instead of doing either of these things, the Chancellor simply directs an account, as on a hearing; and thus sends the matter to the commissioner in that crude state, without a decision whether the exceptions were good or bad, without any issue between the parties, without giving the defendant a chance to support his answer by evidence, and with the deposition to be read againpt him, which, by the subsequent proceedings, had been annulled. This was no doubt an oversight, occurring in the hurry of business. If the course pursued by the Court, could be considered as over-ruling the exceptions, then the answer, standing unreplied to, must be taken as true in every particular; but the record states, that the deposition of Jeffries was read, and the commissioner reports, that it was one of the grounds of his account. The evidence afterwards taken for the defendant, is not regarded in the slightest degree by the Chancellor; but the report is confirmed, simply because unexcepted to. Whether a formal exception-was necessary, whén the commissioner stated that it was founded wholly on the bill, answer and deposition, and when the defendant had taken evidence to impeach it, I shall not decide, as it is uqnecesary. The proceeding upon the exceptions to the answer, was wholly irregular; and I think the decree should be reversed, and the cause sent back, the *253 proceedings set aside subsequent to the exceptions to the answer, and those exceptions to be set down for hearing by the Chancery Court.
Judges Coalter and Green concurred, and the decree was reversed, &c. *