Bbockenbeough, J.
It was said by the appellee’s counsel, that the demurrer to the whole bill and the answer could not stand together, that the answer overruled the demurrer, and that this’court should therefore disregard the demurrer, and not dismiss the bill. The rule is laid down by Mitford, Plead, in Ch. 171. that “ a defendant may demur to one part of a bill, plead to another, answer to another, and disclaim as to another. But all these defences must clearly refer to separate and distinct parts of the bill. For the defendant cannot plead to that part to which he has already demurred, neither can he answer to any part to which he has either demurred or pleaded; the demurrer demanding the judgment of the court whether he shall make any answer &c.—An answer will therefore overrule a *407 demurrer &c.” So loo, in 2 Madd. Ch. Prac. 282. it is said, a defendant cannot demur and plead, or demur and answer, to the same matter, for the answer will over- . rule the demurrer. Although such is the rule in England, yet I think we should not hold it applicable here. By our statute, in all actions at law the defendant may plead as many several matters, whether of law or fact, as he shall think necessary for his defence; and it has been repeatedly decided that a defendant may plead and demur to the declaration. Why should we not extend this rule, by analogy, to the proceedings in courts of equity? An answer and a demurrer arc not more inconsistent with each other, than a plea to a declaration and a demurrer. The statute of limitations by its terms applies only to actions at law, yet courts of chancery have always extended its benefits to parties in equity. It is true that another statute says, that upon demurrer overruled, the defendant shall answer within two months after. 1 Rev. Code, ch. 66. § 100. p. 216. But this section applies only where a defendant relies solely on his demurrer, and does not preclude him from answering at the same time that he demurs. I am therefore of opinion, that we should not consider the general demurrer as overruled by the answer, and that we are bound to determine the question upon the demurrer, whether the plaintiff had or had not an effectual and complete remedy at law, and whether equity should take jurisdiction of the case ? On that point I shall only say that I concur with my brethren. I am for reversing the decree, and dismissing the bill.
Cam?, J.
I think the demurrer to the whole bill ought to have been sustained, and the bill dismissed. It is clearly an attempt to bring into equity, matters far more proper for the legal forum. Look at the stating part of the bill, where alone we are to find the case: what is it ? Simply, that the plaintiff found among the papers of *408 his intestate, five bonds executed by Bassett, and which . . . u were the property of his intestate, and also many accouats anc^ barges against Bassett, for wheat and other things sold and money advanced him by his intestate. This I consider the whole case stated in the bill. To ke sure (here is much more, going to shew, by way of argument and conclusion from these premises, the propriety of going into chancery: but this, so far from adding to the case, is itself a fault in the bill, for we know that pleadings are not to be argumentative. Look then at the case stated, and where is the ground of equity? The five bonds, surely, do not give it;, for on them there was complete redress at law: it is stated, to be sure, that the plaintiff could not ascertain the payments made to the bonds, without the aid of the defendant’s oath, and the books of the intestate : but this is a new ground of equity to me. The plaintiff had the bonds : it was for the defendant to make out the payments; that was his affair. Take away the bonds, and what remains ? This alone, that there were many accounts and charges against Bassett for wheat and other things sold and money advanced him, and that he has made many payments. Will such a charge as this give jurisdiction to equity ? Does it state mutual demands ? No : it is expressly made up, solely of demands on one side, and payments on the other. But, moreover, the manner of the statement is wholly inadmissible. It is this : “I have many accounts against defendant for wheat and other things sold and money advanced to him, and I pray a decree for such balance as may be due me.” Is not such a bill demurrable for the vagueness and looseness of, the case stated ? How should a defendant answer such a case? There is nothing specific; no account stated. It was impossible that he could have the benefit of his answer to such a bill; and therefore he might well put it to the court to say (as the demurrer does) whether he shall be held to answer. I think, on these *409 grounds, that the demurrer ought to have been sustained, and that we must reverse the decree and dismiss the bill.
Cabell, J.
We may allow to the statements in the bill the utmost latitude which can be claimed for them, and yet they do not make a case to entitle the plaintiff to the interposition of a court of equity. The case stated by the bill is not one of mutual accounts or demands. The demands are all on the side of the plaintiff; consisting, as stated by himself, of five bonds executed by the testator of the defendant, and of many accounts and charges against him, for wheat and other things sold and money advanced him by the plaintiff’s intestate, with an admission that many payments had been made by the testator of the defendant. There is no allegation of a want of proof to establish these demands : certainly not as to the bonds, for they prove themselves, unless denied by a plea of non est factum. And even if the plaintiff stood in need of a discovery from the defendant as to the open accounts, or if there wmre mutual accounts, and the plaintiff had therefore a right to go into a court of equity as to them, that would not justify his joining the bonds with them. But no want of proof is alleged, even as to the open accounts. The truth is, that the only difficulty as to proof relates to the payments. But that is a novel argument in the mouth of a creditor; and not less novel than inadmissible. For, unless he is prepared to admit the payments, why shall he complain of the difficulty of proving them ? It will be time enough to attend to it, when it shall be urged by the debtor as a ground for equitable relief. The plaintiff had a plain and adequate remedy at law, and his bill in equity ought to have been dismissed on the general demurrer filed by the defendant. And I concur in the opinion expressed by my brother Brockenbrougk (and for the reasons assigned by him), that it is competent to a defen *410 dant in chancery, in Virginia, to file at the same time ° an answer and also a demurrer to the same bill. I think 'the decree should be reversed, and the bill dismissed,
Brooke, J.
It is unnecessary to add any thing to what has been said by my brother Cabell, with whom I entirely concur.
Tucker, P.
This record, though a short one, presents a tangled skein. The'defendant first demurred, pleaded and answered to various parts of the bill, and the plaintiff took issue. Afterwards, he filed a general demurrer which was joined. This general demurrer and the answer could not stand together, as a paijty cannot at the same time demur and answer to the same matter. We must, therefore, consider the answer as waived, and the demurrer substituted for it, or we must throw the demurrer out of the case. Either way, there was error. Take it upon the demurrer: then upon overruling it, the defendant should have been ordered to answer over in two months; 1 Rev. Code, ch. 66. § 100.101. p. 216. On the contrary, if the cause should have been considered as standing upon the answer, then there was no proof, nor indeed any allegation in the bill, which justified a reference of the accounts. For I take it, that regularly a reference cannot be directed until the hearing, without consent; Wyatt’s Prac. Reg. 363. 364. 1 Grant’s Chan. 246. Clarke v. Tinsley’s adm’r, 4 Rand. 250. Cutting v. Carter, 4 Hen. & Munf. 478. nor then, unless the plaintiff shews himself, by the proofs, entitled to an account. Upon the hearing in this case, therefore, the bill should have been dismissed, as there was no tittle of proof, and indeed no demand in the bill, which called for a reference. The case is, in truth, an action of debt upon sundry bonds, brought in equity instead of the proper tribunal, a court of law. True, it is alleged that accounts of wheat &c. delivered by CunninghcCm to Bassett have been found among Cun *411 ningham’s papers. But these accounts are not produced, = 1 1 1 and they might and ought to have been produced to enable the defendant to answer to them. If they were ^ . charges which the plaintiff intended to maintain by proofs, the defendant had a right to know them, that he might put them in issue by denial, and have the benefit of his answer. If they were charges the proof of which depended on discovery, they ought 1o have been specified, since, otherwise, it was impossible that the defendant by his answer could give the necessary information. Such a vague and uncertain statement in a bill should pass for nothing. I look upon the whole which relates to the accounts and to the knowledge of Bassett, to be out of the case, as the allegations are too indefinite to be answered to, and the matter of the bill too vague to be decreed, even if it had been taken for confessed. I should, therefore, have thought it properly dismissed for want of jurisdiction, even upon the supposition that the case stood upon the general demurrer. For the demand, so far as it is tangible, is one which might have been and ought to have been asserted at law; and as it respects the accounts and the matter within the knowledge of the defendant, the charge is too indefinite and vague to be entitled to consideration. The demurrer confesses, indeed, all the statements of the bill, but when those statements are utterly vague and indefinite, or shew no title in the plaintiff to relief, such confession is of no avail. It does not appear what are the plaintiff’s demands; it is not distinctly alleged, that there is any part of his demand that he cannot sustain without a reference to the books and the conscience of the defendant; nor does it distinctly appear, that the open account demands of the plaintiff are such as to give a court of equity jurisdiction. The bill is indeed ingeniously drawn with a view to give colour of jurisdiction, but I think it is not more than colourable, and I am therefore of opinion that it. ought to have been dismissed.
Decree reversed, and bill dismissed.