March 11th, 1817.
Judge Roane
pronounced the Courts opinion,
The Court is of opinion, that, upon the true construction of the marriage agreement, among the exhibits, the right of John Chilton, the husband, to the personal estate of Felicia Chilton, his intended wife, embraced by the said agreement, is, by the terms thereof, only restrained, during the cover-lure, to the use of the said property ; and that, after the coverture, in the event, which has happened, of his surviving her, the said Felicia, the same was only intended to be farther restrained, if, and in the event that, she should limit and appoint the same, pursuant to the power given by the said Deed.
The Court is farther of opinion, that these provisions are to be considered as exceptions to, and restrictions upon, the general right which he would otherwise have acquired, as aa husband, in and to the property aforesaid, and are to be no farther extended, than as aforesaid, under the provisions of the said Deed; and that there are no sufficient expressions therein, importing that his said intended wife should be considered as a feme sole, farther than is inferrable from the limitations and powers aforesaid ; nor that the husband agreed to renottn&c all his marital rights to the property in question.
*482 The Court is farther of opinion, that that clause of the-said Deed, which slates it to be the intent thereof, that the settled properly may not be at the disposal of, or subject to the control, debts, forfeitures or engagements of the husband, is only to be taken in reference to, and as co-exfensive with, the cases, provided as aforesaid; and not as restraining the power of the husband over the same in all cases whatsoever ; a construction which not only fully satisfies the terms of the Deed, but is farther supported by that exception, which immediately follows, in favour of the representatives of the husband, in the event of his wife’s claiming an interest in his, her said husband’s, estate. As to what is said of a renunciation, on his part, of her estate, being inferrable from a correlative renunciation, by her, of his estate ; the fact is not so, nor would the inference follow if it were so. She does not renounce a claim on his estate absolutely but only agrees, that, if such a claim should be set up by her, she would forfeit the benefit of the agreement; and if, in fact, her stipulation had been more absolute, there are so many considerations mingling in contracts of this kind, other than those which are merely pecuniary, that a corresponding inference would not arise, unless there were adequate words to import it.
On these grounds, and it not appearing that the deceased wife made any appointment, pursuant to the power given her by the Deed, the Court is of opinion, that the right of the husband is not barred, and that the Decree is not erroneous; an opinion which the Court would pronounce with reluctance, could it look beyond the agreement, and notice that evidence which states, that a stipulation corresponding with the pretensions of the Appellants was intended to have been inserted, by the parties, in the agreement, and was only omitted through hurry or mistake. The evidence on this point, now before us, is, however, irregular and inadmissible, and the Court considers itself, as concluded by the Agreement.
As to the alleged irregularities in bringing this cause to hearing, the Court thinks there is nothing in them. The Answer of Felicia A. C, Chilton by her guardian, as well as that of Thomas Chilton, that guardian, as a Trustee, is in the record, and is slated to have been filed among the papers : and although the Cleric undertakes to say, that they were not no- *483 ¿iced by the Court, we infer ihe contrary. The caption of the Decree names these, among the other defendants lo the cause, and the Decree states that the cause was heard upon the Bill, Answers and Exhibits. The Court therefore understands that they were acted upon by the Court below; and the only effect, produced by the omission of a replication thereto, is, that all the facts stated therein are admitted. As to the objection that no day was given to the infant, to shew cause against the Decree after she came of age; it is a sufficient answer that the Decree is only iuterloeutory, and that this omission may be corrected hereafter.
Upon the whole, the Court is of opinion to affirm the Decree.