Robertson J.
A deed of marriage settlement may be so framed 'as to deprive the husband of all his marital rights; but he will never be deprived of them to a greater extent than the terms of the deed clearly require.
In this case the deed of settlement only excludes the rights of the husband, surviving his wife, in the event of her exercising the power of appointment conferred on her. She died without having exercised that power, and leaving her husband surviving; so that he became entitled to all the personal estate embraced in the settlement; subject only to the payment of the debts for which it was bound, if any such there were, funeral expenses, and charges of administration.
Rumerous authorities might be cited; but it is sufficient to refer to the case of Pickett & wife v. Chilton, 5 Munf. 467; which is directly in point, and decisive of the question.
The decree therefore is right so far as it adjudges in favor of the claim of the husband to the personal fund, and the application of the appellees to have it corrected in this particular must be denied.
It is difficult to understand upon what principle it was held that the heirs of the wife are entitled to the whole of the land purchased from Preston. The contract for the purchase was made by the husband in his own name, and on his own behalf. The price paid was six thousand dollars; of which four thousand only were paid out of the trust fund, the residue being paid by the husband. *281 after the death of the wife, in discharge of his own bonds, and with his own money; the trust fund never having been at any time bound therefor.
The most, it would seem, that the heirs of the wife can claim-, with any show of plausibility, is that the four thousand dollars, which were applied out of the trust fund in part payment for the land, should be treated as realty; and that they are entitled to it, or to a proportional part of the land.
In considering this question it is unnecessary to determine whether, under the deed of settlement, any investment of the personal fund in realty could be legally made during coverture; because, if it be conceded that it might have been, there is nothing whatever in the case to show that it was ever in fact made, or intended to be made. The allegation of the bill that -the purchase was made by the wife, or by her husband for her and on her behalf, is not supported by proof, and is denied by the answer. The only circumstance connecting the wife in any way with the transaction is that the payment of the four thousand dollars was made with her assent from the proceeds of sale of state bonds and bank stock constituting part of the trust fund, and the receipt taken,as for so much money paid by her. The effect of this was to show that her husband was indebted in that amount to the trust fund, and to create for its payment an equitable lien upon the land purchased, by him. 'Whoever might be entitled to this portion of the trust fund would of course be the person authorized to demand payment, and enforce the lien. In the event, which has happened, of the death of the wife without having made an appointment, the husband himself is so entitled. There can be no doubt of this if the sale of the state bonds and bank stock and the application of the proceeds in part payment for the land be regarded as a legal and proper disposition of so much of the trust fund. In that *282 case the husband -would be as much entitled to it as a debt due from himself and for which his land was bound in equity, as if it had remained in its original foim of state bonds and bank stock.
If on the other hand the sale and application be regarded as a breach of trust it seems equally clear that the husband is entitled. When a breach of trust has been committed the party injured has the right to pursue the fund through all its transmutations; and may, if he chooses, elect to take in its stead the property acquired with it. The party injured is of course the party entitled to the fund in its original form; and its original character continues until the election to take what has been acquired in place of it has been made, and the conversion is thus perfected.
In this case it is not pretended that during the life of the wife any complaint was made of the breach of trust, or that there was any effort to pursue the fund. Its original character as personalty therefore remained impressed on it at the time of her death. On her death and in default of appointment the right to the fund and to all remedies for its recovery devolved upon the husband.— The subject is one in which the heirs of the wife have no interest or concern; and the election of the husband to take the land in lieu of the money would be for his own benefit.
The bill does not ask for relief as to the real estate of the wife conveyed by the deed of settlement, and the husband in his answer disclaims all title to it. As the only relief prayed for is in reference to the personal fund, the bill should have been wholly dismissed, the heirs of the wife having no interest therein.
The other judges concurred in the opinion of Robert- • son J.
The decree of the court is as follows:
*283 The court is of opinion that upon the death of Mrs. Mitchell without exercising the power of appointment given her by the deed of the 14th day of November, 1849, the personal property conveyed therein passed to her husband, the appellant^ and the real estate to her heirs at law. And the court is further of opinion that the property conveyed to the appellant by Thomas P. Preston and Susan his wife, is not to be regarded as a part of the realty subject of said trust, but that the same, to the extent of the money advanced by Mrs. Mitchell to the appellant, and invested by him in the said land, is to be regarded as part of the personalty subject of said trust, which upon her death without exercising said power of appointment, devolved upon-him as her surviving husband and administrator. The court is therefore of opinion that the appellant could not be required to surrender and convey said land to the appellees her heirs at law, nor to account for the rents and profits thereof. The court is therefore of opinion that there is no error in so much of said decree as dismisses the bill as to the slaves and personal property in said deed mentioned;' but that so much of said decree as relates to the property conveyed to the appellant' by said Preston and wife, is erroneous. The said decree is therefore reversed with costs, &c.—and this court proceeding to render such decree as said Circuit court ought to have rendered, it is adjudged, ordered and decreed that said bill be wholly dismissed, with costs, &c.