# Wheeling.

## JOSEPH MARTIN vs. MICHAEL RELLEHAN.

### January Term, 1869.

1. It is error to decree the sale of the real estate of an intestate to satisfy a judgment lien, without first having a settlement of the accounts of his administrator and the assets in his hands being applied to the judgment lien.

2. If there is no replication to an answer in chancery, everything stated in it is admitted to be true. But if the party answering proceeds to take depositions to sustain his allegations and statements, he waives this advantage.

This cause arose in Greenbrier county. The summons was returnable to August rules, 1866.

The opinion of the judge contains a sufficient statement of the points in controversy.

*C. S. Sperry* for the appellant.

MAXWELL, J. The first ground of error assigned is that there was no account taken of the assets in the hands of the administrator of the estate of C. B. Martin, the deceased judgment debtor, before a decree should be rendered for the sale of any lands claimed by him in his life time, and which may have descended at his death to his infant children and heirs at law. The administrator is a party to the suit, and it appears from the record that his accounts as administrator have not been settled, and it also appears that he has in his hands assets belonging to the estate of his intestate, but what amount does not appear, no application of which is made in the decree towards discharging the debt of the complainant. A settlement of the accounts of the administrator should have been first had, and the assets in

the hands of the administrator applied on the judgment in favor of the complainant before taking a decree for the sale of the real estate.

It is claimed that it was error to decree the sale of the interest of C. B. Martin, deceased, in that portion of the land conveyed to Joseph Martin by C. B. and O. C. Martin. The land upon which it is claimed the complainants' judgment is a lien, consists of two tracts, one of 900 acres and the other of 100. The bill charges that the said C. B. and O. C. Martin fraudulently conveyed to Joseph Martin one-fourth of a certain tract of land, containing 240 acres, after the complainant obtained his judgment against C. B. Martin. The deed is not made a part of the bill, and the bill makes it uncertain whether the interest charged to be conveyed was one-fourth of a tract of 240 acres or whether 240 acres is the quantity conveyed. The defendant, O. C. Martin answered this part of the bill, and denied that any fraud was committed or intended to be committed by him and his brother, C. B. Martin, in making to their father, Joseph Martin, the deed for the one-fourth of the tract of land in the bill mentioned, and says that the land had been sold under a decree of the circuit court of Greenbrier county, at the suit of James Jarrett, administrator of Ira Jarrett, deceased, against respondent and his brother to discharge a judgment lien; that the lien existed, the decree was obtained, and the sale by the sheriff, under the decree, was made before the judgment was rendered in favor of the complainant, Rellehan, at which sale the said Jarrett became the purchaser; that the defendant, Joseph Martin, then purchased the land from Jarrett, and the conveyance was made by respondent and his brother to their father, merely because they still held the legal title.

The defendant, Joseph Martin, in his answer to this part of the bill, says: "Respondent admits that his said sons re-conveyed to him one-fourth of the 900 acre tract, but it was done under this state of circumstances, to wit: James Jarrett, as administrator of Ira Jarrett, deceased, had recovered a decree enforcing a judgment lien against the said

O. C. Martin and C. B. Martin, existing long anterior to the judgment of the plaintiff, M. Rellehan, and for the sale of said interest. And they being then unable to pay said decree, they agreed with respondent to convey said interest to him if he would settle the said decree with said Jarrett. The land, however, was actually sold by the sheriff, and James Jarrett became the purchaser, and then the arrangement was made and perfected. Respondent settled with Jarrett and the deed was made for the land sold to Jarrett, by respondent's sons to him, as aforesaid. There was no fraud committed or intended in this transaction. The records will show the case to have existed as herein stated, and will also show that even the decree and sale in favor of Jarrett were both before the judgment in favor of Rellehan, the plaintiff in this suit, and the only reason why his sons conveyed to him was because the legal title was still in his said sons. They were, however, mere trustees without any beneficial interest in the subject."

From these answers it appears that the interest conveyed to Joseph Martin by his two sons, was the one-fourth part of the 900 acre tract, and that the same was conveyed because it had been sold to satisfy a decree in favor of Jarrett's administrator, and that such sale was made before the complainant Rellehan obtained his judgment against C. B. Martin, and consequently before the lien of his judgment attached. The deposition of Jarrett is taken, which proves the sale of the land under the decree, but does not prove when the sale was made or the decree obtained under which the sale was made. There were no replications to these answers, and according to the well settled rule of law, everything stated in the answers is admitted to be true. 2 Daniels' Chy. P. & Prac., 966; *Pickett* vs. *Chilton*, 5 Munf., 467; *Kennedy* vs. *Baylor*, 1 Wash., 162.

But the defendants have waived their advantage in this particular by proceeding to take depositions. Code of Virginia, 1860. p. 743, sec. 4.

But the deposition taken sufficiently establishes the affirmative answers and shows that the complainant had no

lien on the land conveyed to Joseph Martin by his sons.

I do not see that the question made in the third assignment of error arises upon the record of this case, and it is therefore not considered.    It cannot be doubted, however, that the lien of Joseph Martin on the lands conveyed to his two sons for his support and maintenance, would have priority over all subsequent liens.

The fourth ground of error assigned is, that all the creditors of C. B. Martin, deceased, should have been convened before the court.    In answer to this it does not appear from the record, nor is there any suggestion that the creditors are not all before the court.

There is nothing in the fifth assignment of error that the case of *Joseph Martin* vs. *O. C. Martin and others* should have been heard with this case.

The decree complained of will have to be reversed, with costs to the appellant, and the cause remanded for further proceedings to be had therein, according to the principles herein indicated.

The remaining members of the court concurred.

DECREE REVERSED.