Robertson, Ch. J.
The plaintiff’s claim, as set out in the complaint, was for “ work and labor, care and diligence about the business and affairs of the defendant,” * * “ performed *682 and bestowed ” by “ the plaintiff from about the 20th of December, 1861, until June, 1862, and from the 15th of December, 1862, to the 1st of June, 1863, in the Island of Cuba.” No account is alleged therein, nor are any items of work specified. A demand was made on the plaintiff’s attorney, for “ a copy of the account alleged in the complaint, duly verified.” The plaintiff's attorney afterwards served two different bills of particulars; the last after the service of an ex parte judge’s order of this court requiring the plaintiff to deliver “ a further account stating particularly the items of the account, with the dates and amounts thereof.” Both of such bills are verified by the plaintiff’s oath that “ the foregoing items of account of his demand alleged in the- complaint in this action against defendant, he believes it to be true but he does not verify any copy of an account. A motion is now made to preclude the plaintiff frqm giving evidence of such account on the trial.
The last clause of the 158th section of the Code provides that a “ court may in all cases order a bill of particulars of the claim of either party to be furnished this-of course furnishes a sufficient remedy in all cases where a claim consists of several items or particulars ; and as no sanction is affixed to a compliance with1 such order, the only mode of enforcing it is probably by proceeding for a contempt; unless the former practice in regard to bills of particulars remains unchanged. The first clause of such 158th section provides in substance, that where an account is alleged in a pleading, the party alleging it shall be precluded from giving evidence of it unless he deliver to the adverse party a copy of it, duly verified by an oath that-the affiant believes it to be true, if the complaint is verified in ten days after a demand thereof. It also relieves a party from the necessity of setting forth in a pleading the items of an account so alleged in it. In the ninth subdivision of the 64th section of the Code in relation to proceedings in justices’ courts which is in somewhat “pari materia,” it is declared to be sufficient for a party to deliver to the court the “ account or instrument for the payment of money on which the suit is brought,” which are thus put on the same footing, *683 and to state there is due to him “ thereon ” from the adverse party a specified sum. In both these sections, but particularly the former, the term “ account ” cannot be meant to designate a mere list of items like a tradesman’s bill prepared for the occasion. The 158th section requires the account of which a copy is to be furnished to be alleged in the complaint. The copy is to be of it, and the evidence excluded is to be of it and not of the items contained in it. It evidently therefore means some written statement existing before the commencement of the action, evidence 'of which is to be material to the party alleging it. In other words, the language can only be understood to apply to an account claimed to be rendered and acquiesced in ; in other words, an account stated. It is included in a chapter entitled “ General Buies of Pleading,” and can only be construed to be intended to point out the mode of pleading an, account, as well as to enable the adversary to ascertain what account was intended. What is meant by the second clause, that where an account delivered is defective, a “ further account ” maybe ordered, is not so clear, unless it apply to an incomplete copy of the account alleged. The last clause of such section would clearly cover the case of a failure to furnish items in' a bill. .
It is not necessary in an action for a claim for having com-' pleted a piece of Work by numerous successive acts of service, all contributing to such completion, to set out each service so contributing and its character. There is scarcely an article made or work accomplished that has not been so' by means of á series of efforts. The painting of a picture, building a machine, or trying a cause, are illustrations of such a course of action. Every blow of an artizan’s hammer is a separate labor; yet the aggregate of a day’s work is charged, because it is the usual mode of measuring such services consisting of a great many particulars. Whenever, therefore, the efforts of a party are directed to the accomplishing of a work to which they all contribute, and there is no ordinary mode of measuring the compensation for each act or series of acts bringing about or tending to do so, the -final result, it is not necessary to furnish *684 a bill of particulars of the services. It is necessary, however, to describe the nature and character of the services, and the result at which they were aimed. If a complaint is not sufficiently definite and .certain in these respects, the remedy is by motion to make it so.
I think in this case that so much of the plaintiff’s labor as consisted of his services in obtaining a patent in the Island of Cuba are sufficiently described in the last bill of particulars served; the description however of the suits carried on by the plaintiff was insufficient; the services in each suit should' be • charged separately. The labor of procuring testimony or taking it, if its value can be separately measured, or it can be charged for, should also be specified, with dates and names. The service also of consulting with a professional adviser,- as also the period of it, should be separately stated. So also should the presentation of petitions and obtaining injunctions from courts, the services of employing and keeping Chinese laborers and the seizure of goods, not being necessarily connected with each other, although perhaps tending to a common end. The gross compensation claimed evidently depends on the aggregate of the values of all the services ; the claim, is on a quantum, m&ruit only. The defendant could disprove the claim, by proving the small value of each service ; why should not: the plaintiff be required to state and prove its large value in the same way ? Dates are necessary to enable the defendant to meet the charges ; the plaintiff cannot so soon have forgotten them, and may at all times correct a mistake. All the defendant is entitled to now is the plaintiff’s best recollection. The plaintiff must therefore be required to furnish a bill of particulars amended as before mentioned, within fifteen days, or have his complaint dismissed.
Ten dollars costs of this motion are to abide the event of this suit.