COURT OF APPEALS OF WEST VIRGINIA. 579

January Term,   Chesapeake & Ohio R. R. Co. vs. Huse, et al.   1872

# Charleston.

CHESAPEAKE & OHIO R. R. Co. vs. HARLOW HUSE, et al.

January Term, 1872.

1. It is no objection to a bill of injunction that it is sworn to by a person not one of the plaintiffs, if the affidavit be good in other respects.

2. As a general rule, an injunction will not be allowed upon mere information and belief.

The following affidavit to a bill of injunction, held to be insufficient under the *statute, "James Montgomery on his solemn oath says, that each and every allegation contained in the foregoing bill, are true so far as they are known to him personally, and so far as he has heard, he believes them to be true." Montgomery was not a plaintiff in the bill.

Injunction granted by the judge of the circuit court of Fayette county, on the 15th of September, 1870, in vacation. The sole question here was the sufficiency or insufficiency of the affidavit to the bill. It was not made by a party to the bill. The defendant appealed.

*Miller & Quarrier and Laidley & Hodgeman* for the appellant.
*Price* for the appellees.

MAXWELL J.  This is an appeal from an order made in vacation by the judge of the circuit court of Fayette county, to restrain the appellant and others from taking possession of, using, holding, and occupying certain lands.  The appellant insists that it was error in the court below to grant the in-

Code 1868, chapter 125, section 42——"the plaintiff named in the foregoing bill, being duly sworn, says, that the facts and allegations therein contained, so far as they are stated on his own knowledge, are true, and that so far as they are stated upon information, he believes them to be true."

junction, because the bill of complaint is not sworn to as required by law.

The 3d section of chapter 133 of the Code, page 631, provides that no injunction shall be awarded in vacation, nor in court, in any case not ready for hearing, unless the court or judge be satisfied by affidavit or otherwise of the plaintiffs equity. The effort in this case is to verify the bill by affidavit and not otherwise. The affidavit is sworn to by a person who is not one of the plaintiffs, but this is no objection, if it is good in other respects. 3 Daniels' ch. Pl. & Pr. p. 1890; Hilliard on Injunctions p. 34; Kerr's Injunctions in Equity, p. 613. An injunction as a general rule will not be allowed upon mere information and belief. 3 Daniels' ch. Pl. & Pr. p. 1890; Kerr's Injunctions in Equity p. 613; *Davis* vs. *Leo.* 6 Ves. Jr. p. 784; *Woodruff* vs. *Fisher* 17 Barbour 224; *Campbell* vs. *Morrison* 7 Paige 160; *Bank of Orleans* vs. *Skinner* 7 Paige 305. The Code chapter 125 section 42 p. 605 indicating the form of the verification of pleading provides that it may be to the effect following : "the plaintiff named in the foregoing bill, being duly sworn says, that the facts and allegations therein contained, so far as they are stated on his own knowledge, are true, and that so far as they are stated upon information, he believes them to be true." The affidavit in this case is " James Montgomery on his solemn oath says that each and every allegation contained in the foregoing bill are true so far as they are known to him personally, and so far as he has heard, he believes them to be true."

This affidavit is clearly not good according to the elementary writers, and the cases above cited, and it remains to inquire whether or not it is good under the more liberal provision of the Code. The affidavit states that each and every allegation contained in the bill is true so far as they are known to affiant personally. It will be noticed that affiant does not state or designate any fact that is known to him personally. The form from the Code is, that the facts and allegations in the bill, contained so far as they are stated on his own knowledge, are true. If a bill states facts, and alleges them to be on the knowledge of the plaintiff, this form of affidavit designates and affirms them. The substance of the affidavit in this case is by no means the equivalent of the form in the Code.

This affidavit is therefore not sufficient, and the injunction should not have been granted upon it. In this view of the case it is not necessary to consider the other questions suggested in argument.

The order granting the injunction will have to be reversed, the injunction dissolved, and the bill dismissed at the cost of the appellees.

The other judges concurred.

ORDER REVERSED.