# WHEELING.

## BROWN *v.* KNAPP.

### July 15, 1874.

1874.
June Term.

1, Allegations in a bill, denied in an answer—the bill and answer being both under oath—appearing to be established by satisfactory proofs in accordance with section fifty-nine of chapter one hundred and twenty-five of the Code; it is error to dismiss the bill.

2. It appearing in the progress of a cause, that a person having such an interest in the subject matter of the suit as to make him a necessary party to the cause, is not before the court, it is error to decree in his favor, without his being first made a party, and ascertaining his rights.

Appeal by the complainant below, Tinsley Brown, from two several decrees rendered by the circuit court of Greenbrier county, one on the 15th day of December, 1871, and the other on the 12th day of April, 1872, in a suit in chancery against Gamaliel Knapp, N. W. Noell and Phares B. Harrah respondents.

The facts and statutes alluded to sufficiently appear in the opinion of the Court.

The Hon. Joseph M. McWhorter, judge of said circuit court presided at the hearing below.

*James W. Davis,* for the appellant.

*Samuel Price,* for the appellees.

PAULL, JUDGE:

The plaintiff in this case claims under the alleged assignment of a bond made to him by the payee therein, and the payee and maker of said bond are made parties. The bill alleges that after said assignment and delivery of the bond to the plaintiff, the same was returned to

the payee or assignor, that he might take measures to secure the collection of the same, and that said assignment was made for value.

The assignor Knapp, filed his answer, expressly denying the assignment of said bond, and its delivery to the plaintiff as his absolute property, and that the same was subsequently returned to him by the plaintiff and was assigned by said Knapp for value to one Phares B. Harrah.

The plaintiff then filed an amended bill, making said Harrah a party, and charging that the assignment to him was fraudulent, and praying that he might be required to deliver up said bond to the plaintiff.

Harrah filed his answer, denying the allegations of the bill, and alleging that there was no assignment on the bond, when the same came into his possession, which was some years after the alleged assignment to the plaintiff; that the same was assigned to him for value, and by him assigned for value to another party.

The bill and answers were sworn to by the parties.

Under the case, as thus presented, the plaintiff is required to establish his title to the bond by sufficient evidence. The assignment of the bond is denied, and any ownership therein on the part of the plaintiff, and these facts must now be made to appear by satisfactory proofs. The fifty-ninth section of chapter one hundred and twenty-five provides, "when a defendant in equity shall in his answer deny any material allegation of the bill, the effect of such denial shall only be to put the plaintiff on satisfactory proof of the truth of such allegation, and any evidence which satisfies the court or jury of the truth thereof, shall be sufficient to establish the same." No evidence whatever is taken by the defendants to establish the allegations in their answers, and the case rests simply on their denials and the depositions taken by the plaintiff in support of his bill. The plaintiff himself proves that the bond was assigned to him by the defendant Knapp for value in 1861, to-wit: in part payment

for the price of a horse; that the same was assigned to him in writing, and had been returned to defendant Knapp, that he might take steps to secure its collection; and moreover, that the maker of said bond, the defendant Noell had said to him, since the bringing of this suit, that said bond was not paid.

The defendant Noell, himself testifies that he saw the bond in the possession of plaintiff, Brown, and, to the best of his recollection, there was an assignment on said bond.    Said Noell further testifies, that defendants Knapp and Harrah, both came to him, after he was notified by the plaintiff not to pay the said bond, and wished him to execute a new bond.    Samuel Pucket testifies that, in 1862, defendant Knapp came to the house of the plaintiff, who told him that he was in need of money, and Knapp said to him, if he would give him the note he would try and collect it for him, and the note was given to him; he also proves defendant Noell's declaration to Brown, made in 1861, that he would pay the same in a short time.    In the absence of all evidence to the contrary, or of any evidence whatever in support of the answers, we think the assignment to the plaintiff is sufficiently established, as also notice of this assignment to the maker thereof, to-wit: defendant Noell, by the depositions found in the record.

As before stated, there is no evidence on the part of the defendants, and they claim no affirmative relief. The defendant Noel proves his knowledge of the assignment of the bond in 1861; that he had notice thereof at that time, and that said bond was not paid until after this suit was brought.

With this statement of the case and the evidence, we think the decree of the circuit court, made on the 15th day of December, 1871, dismissing the plaintiff's bill, is erroneous.

It seems, however, from a decree entered in this cause on the 12th day of April, 1872, that there is a judgment

on the law side of the circuit court of Greenbrier county, in favor of O. C. Martin, assignee, &c., *v.* N. W. Noell, and that by consent of parties the money to satisfy the same should be paid by the sheriff to J. W. Davis, to be held subject to the order of the court in this suit; and the plaintiff's bill having been dismissed, it was adjudged and ordered, that said judgment be absolute, and said O. C. Martin be permitted to receive the money collected on the same directly to his own use and benefit. We have seen that it was error to dismiss the bill, and it was, consequently, error to make the foregoing order, without first making the said O. C. Martin a party in this cause, he now appearing to be a person directly interested in the subject matter of this controversy.

The decree of the circuit court, made on the 15th day of December, 1871, and the decree of said court made on the 12th day of April, 1872, are reversed and annulled, with costs to the appellant against the appellees, P. B. Harrah, and N. W. Noell, and this cause is remanded to the circuit court of Greenbrier county, with leave to the plaintiff to amend his bill, and make additional parties, and for further proceedings touching the rights of said parties.

Haymond, President, and Moore, Judge, concurred.

Hoffman, Judge, did not sit in the hearing and decision of this suit.

DECREES REVERSED AND SUIT REMANDED.