### IN THE

# SUPREME COURT OF APPEALS

## OF WEST VIRGINIA,

AT THE JUNE TERM THEREOF, HELD AT WHEELING, IN
THE COUNTY OF OHIO, COMMENCING ON THE
SECOND DAY OF JUNE, 1875, AND
ENDING ON THE THIRTY-FIRST
DAY OF JULY, 1875.

---

## WHEELING.

### ELLIOTT AND WIFE v. HUTCHINSON.

#### July 23, 1875.

1875.
June Term.

1. Where a declaration in a case contains more than one count, and a demurrer is filed to the declaration, and not to each count thereof, and the declaration contains one good count, the demurrer should be overruled.

2. Under the issue and evidence in this case, as stated in the opinion of the Court, it was error in the court below to permit the plaintiff to prove to the jury the annual rental value of the tract of land in the declaration mentioned, on which the injury complained of is alleged to have been done, with the view of arriving at the amount of damages the plaintiffs should recover in the cause.

---

NOTE.—Judge Paull departed this life May 13, 1875; and, there having been a failure to fill the vacancy caused by his death, the Court, at the June and August Terms, 1875, was composed of Haymond, President, and Hoffman and Moore, Judges.

3. The court having improperly admitted said evidence, for the purpose aforesaid, it was not error in the court to reject the defendant's evidence, offered to prove that defendant had paid plaintiffs in full for the rent, use and occupation of said tract of land, and that plaintiffs had received and accepted the same. The evidence was not relevant to the issue.

4. The words "final judgment" contained in, and as employed in, the fifty-third section of chapter one hundred and twenty-five of the Code of West Virginia, means the "final judgment" mentioned in the forty-sixth section of said chapter. In other words, they mean the "final judgment" mentioned in said forty-sixth section, which every judgment entered in the office of a case wherein there is no order for an inquiry of damages becomes final, by operation of that section, unless it be set aside by the defendant appearing and pleading to issue, as provided by the forty-seventh section of said chapter.

1875.
June Term.

Elliott and wife
v.
Hutchinson.

Appeal, by Nathan Hutchinson, from a judgment of the circuit court of Wood county, rendered on the 10th day of May, 1871, in a suit then pending in said court, between Aquilla Elliott and Harriet, his wife, plaintiffs, and said Hutchinson, defendant.

The opinion of the Court contains a sufficient statement of the case.

The Hon. George Loomis, judge of said circuit court, at the date of said judgment, presided at the trial below.

*Okey Johnson* for the appellant.

There was no appearance for the appellees.

HAYMOND, PRESIDENT:

This is an action of trespass on the case brought by Aquilla Elliott and Harriet, his wife, against Nathan Hutchinson, for cutting and removing from the land in the declaration mentioned (which, it is alleged, was devised to the said Harriet for life) large quantities of timber, the property of plaintiffs, and carrying the same away, to-wit : one thousand oak trees, of the value of $1,000; one thousand poplar trees, of the value of $1,000; one thousand pine trees, of the value of $1,000 ; one

thousand locust trees, of the value of $1,000; one thousand sugar trees, of the value of $1,000; one thousand walnut trees, of the value of $1,000; and for taking and carrying off and destroying the rails and fencing on said land, which was of the value of $1,000; and for tearing down and destroying the outhouses on said land, to-wit: the smoke house, barn and corn cribs on said land, which were of the value of $1,000, to the plaintiffs. The *second* count is more brief, but is in substance the same as the first.

The plaintiffs filed their declaration in the cause on the first Monday in September, 1867.

It appears from the record that, on the 16th day of May, 1870, the defendant's demurrer to the declaration was overruled, and the defendant filed the plea of not guilty, and issue was thereon joined.

On the 20th of April, 1871, a jury was empanelled and sworn to try the issue joined, and they afterwards found a verdict for the plaintiffs. After the verdict was found by the jury and recorded by the court, and before judgment was rendered thereon, and, in fact, some fifteen days afterwards, the defendant tendered a special plea in writing, which was, in fact and in substance, the plea of the statute of limitations as to the causes of action in plaintiffs declaration mentioned; but the court refused to allow the plea to be filed, on objections made thereto, by the plaintiffs. Whereupon the defendant moved the court to set aside the verdict of the jury, and grant him a new trial; but the court overruled the motion, and rendered judgment on the verdict in favor of the plaintiffs.

During the trial of the cause the defendant took several exceptions to rulings and opinions of the court.

And, on the 18th day of May, 1871, the defendant appealed to this Court.

The *first* error assigned by the defendant (the appellant) is that the court erred in overruling the demurrer

to the declaration; but the counsel failed to point out any errors in the declaration, or to suggest any, in any particular. The declaration contains two counts, and it was demurred to generally, or rather the demurrer was to the whole declaration, and not to each count thereof. Upon such demurrer, if either of the counts is good, it was proper to overrule the demurrer. I have not been able to discover error in the judgment of the court, in overruling the demurrur.

The *next* error assigned is to the ruling of the court specified in bill of exceptions No, 1. By this bill it appears that the plaintiffs gave in evidence to the jury the will of Oliver Hutchinson, the father of said Harriet, devising a tract of sixty acres of land, in the declaration mentioned, to plaintiff, Harriet, as her separate property, for her life, and at her death to two of her children, or the survivor; and then offered to prove, by a witness, the annual rental value of the sixty acres of land, a life estate in which was devised to said Harriet, for the purpose, as was alleged by plaintiffs' counsel, of arriving at the amount of damages the plaintiffs should recover of the defendant in action. The introduction of this evidence was objected to by the plaintiffs' counsel, but the court overruled the objection and allowed the witness to testify to the jury that the annual rental value of said sixty acres, at the time of the death of said Oliver Hutchinson, was $50—to which ruling of the court the defendant excepted. The declaration in this case is not for entering upon and detaining possession of the plaintiffs' land, or to recover the value of rents and profits, but for what I have before stated; and I am unable to perceive, from anything appearing in the cause, the relevancy of the evidence admitted, to the issue. The evidence, it seems to me, should have been rejected, and the court erred in allowing it.

By the *second* bill of exceptions, it appears that at the trial, after the introduction of the

testimony set out in said bill of exceptions, and after the further testimony offered by plaintiffs that defendant had occupied and used said sixty acres of land, in the declaration mentioned, from the date of the death of said Oliver Hutchinson, until the fee in said land was sold under the decree of the circuit court of Wood county, for the satisfaction of a debt due from the estate of said Oliver Hutchinson, to one John A. Hutchinson, with the exception of two or three years immediately after the said O. Hutchinson's death, when it was occupied by one Robert Adams, the defendant, to maintain the issue on his part, offered to prove, by a witness, that he had paid the plaintiff in full for the rent and use and occupation of said sixty acres of land, and that plaintiffs had received and accepted the same. The giving of this evidence to the jury was objected to by the plaintiffs, and the objection sustained by the court. If the evidence given to the jury, as stated in said bill of exceptions, was relevant and proper, then it was error in the court to reject the said evidence so offered by defendant, in rebuttal. In an action on the case accord and satisfaction may be given in evidence under the plea of not guilty, without being specially pleaded. 1 Chitty on Plead., 6 Am. ed., from 5 London ed., side page 528. But, as before stated, I do not perceive the relevancy of the plaintiffs' said parol evidence, which was admitted, to the issue joined in the cause, as to the value of the annual rents of the land, as the value of the annual rents was not involved in the issue ; and the plaintiffs could not recover therefor, upon the present state of the pleading. Their declaration is not sufficiently comprehensive for that purpose.

As the court should have rejected the plaintiffs' said parol evidence, as to the annual rents of the land, because irrelevant, it was not error to reject the defendant's said evidence, offered in rebuttal thereto. But, as before stated, if the plaintiffs' said verbal evidence as to the value of the annual profits of the land, had been legal

and proper evidence, then it would have been error in the court to reject the defendant's said evidence offered in rebuttal.

By the *third* bill of exceptions it appears that after the plaintiffs had given in evidence to the jury the will of said Oliver Hutchinson, which devised the sixty acres of land, as before stated, and evidence tending to prove that the defendant had cut and destroyed timber on said land, the defendant gave in evidence to the jury a decree appointing a commissioner to sell said sixty acres of land, rendered by the circuit court of Wood county, in a cause of John A. Hutchinson against the executor and devisees of said Oliver Hutchinson, to pay a debt of said Oliver Hutchinson, due to John A. Hutchinson; also the report of sale of such commissioner of said land in fee to Nathan Hutchinson, defendant, on the 15th day of March, 1858, at the price of $600, payable in installments, made in pursuance of said decree ; also the decree of same court confirming said sale, directing the commissioner to collect the purchase money and, on the payment thereof, to make to said Nathan, acknowledged for record, a deed, without warranty, for and on behalf of the plaintiffs Harriet Elliott, Uriah Vanlair and Sarah Vanlair, devisees of said O. Hutchinson. And thereupon the plaintiffs offered to give in evidence to the jury the report of commissioner De Selding, mentioned and referred to in said report of sale, but not confirmed by the court, so far as now appears. The report is to the effect that said De Selding, a commissioner in chancery proceeded to execute some decree which does not appear in the cause, and on the 6th of September, 1856, George Barnett, a witness summoned on behalf of "complainant appeared and was examined by complainants' attorney and by G. W. Hutchinson, one of the defendants." And from "the testimony of the said Barnett, said commissioner reported that the tract of sixty acres mentioned in the bill is worth $600, and in its

present condition could not be rented at any price. The plaintiffs claiming the right to give the same in evidence, because the defendant had given in evidence the said report of sale and the decree confirming the same, to which, when offered, the plaintiffs did not object. But the defendant by his attorney objected to said last named report being admitted as evidence, but the court overruled the objection, and said report was read in evidence to the jury, and the defendant again excepted to the opinion of the court. It does not appear in the record that the defendant was a party to the suit in which said decree and reports were made, except it appears that he purchased the land. The report of De Selding is not proper evidence, from anything that appears in the record, against the defendant, for any purpose and should have been rejected. I feel somewhat at a loss to know what bearing this report could have, legitimately, upon the cause, as against the defendant, under the pleading; still I do not feel clear that its admission as evidence against defendant might not have prejudiced him. The report was, clearly, improperly admitted as evidence against defendant.

The *fourth* bill of exceptions is taken to the judgment of the court in rejecting defendant's said plea of the statute of limitations which he asked leave of the court to file after the verdict of the jury had been found; but the court refused to allow the plea to be filed. The fifty-third section of the one hundred and twenty-fifth chapter of the Code of 1868 provides that "At any time before final judgment or decree, a defendant may file a plea or answer, but if the same be not filed in due time, an action or suit shall not be thereby continued, unless the court shall, for good cause, so order." When we consider the provisions contained in the twentieth, twenty-first and forty-seventh sections of the same chapter, and the eighth section of chapter one hundred and thirty-one the said fifty-third section would be scarcely necessary for the due administration of jus-

tice in actions at law. The said fifty-third section takes the place of the thirty-fourth section of the Code of 1860, which reads as follows, viz: "At any time before final decree a defendant may be allowed to file his answer, but a cause shall not be sent to rules or continued because an answer is filed in it, unless good cause be shown therefor." In the case of *Bean v. Simmons*, 9 Gratt., 389, it was *held* that "It is the right of a defendant in equity to file his answer at any time before a final decree is made in a cause." Judge Lee, who delivered the opinion of the court in that case, said: "The general rule in the construction of statutes is that the term 'may,' when used in a statute, means 'must,' or 'shall,' in cases where the public interest and rights are concerned, and when the public or third persons have a claim *de jure* that the powers shall be exercised." Now, looking to this decision, if we apply the fifty-third section of chapter one hundred and twenty-five to all judgments which are held to be final, then this anamoly would arise, viz: That though an action on the case were tried by jury on issue joined on a plea of not guilty, the defendant might, as matter of right, at any time before judgment was entered by the court on the verdict, and, it may be, at any time before the end of the term at which the judgment was entered, file another plea in bar and compel a trial thereon, or, perhaps, compel the plaintiff to continue the cause without judgment on the verdict until another term ; and at that term the same thing might again transpire and so on almost indefinitely. This construction would involve an absurdity, and would almost close courts of justice against honest men in actions at law. The Legislature, in enacting the fifty-third chapter, could not have intended this. At present, it seems to me that the words "final judgment," as employed in the said fifty-third section, should be construed as applying to the final judgment mentioned in the forty-sixth section of said chapter. In other words, that they mean the "final judgment" mentioned in said

forty-sixth section, which every judgment entered in the office in a case wherein there is no order for an inquiry for damages becomes final by operation of that section, unless it be set aside by the defendant appearing and pleading to issue, as provided by the forty-seventh section. This construction avoids an otherwise unavoidable absurdity. It is true that this construction renders the fifty-third section, or rather so much thereof as applies to "final judgment," unnecessary, as the said forty-seventh section provides substantially the same. Still, it is not unusual to find in the same code of laws, especially in the legislation of this State, two separate and distinct legislative provisions meaning substantially the same thing, or containing the same provisions. As before stated, the above is the view I take, at present, of the true construction of the words "final judgment," as employed in said fifty-third section. Still I shall feel at liberty to reconsider the subject in a future case, should one arise.

I think, therefore, the court did not err in rejecting said plea after the verdict was rendered as aforesaid.

This disposes of all the questions made in the cause, except that made in the *fifth* bill of exceptions. This bill is taken to the judgment of the court in overruling the defendant's motion for a new trial. As a new trial of the cause must be had under the views I have expressed, it is unnecessary to determine that question now, and, in fact, the question is now immaterial. To express any opinion upon the facts proven now might improperly prejudice one of the parties· at another trial, especially as at another trial there may be new issues and evidence, and a different state of facts may be presented. It will be proper for the circuit court to allow the defendant to file a plea in bar in proper time when the case returns there for further proceedings, there to be had.

For the foregoing reasons the judgment of the said circuit court, rendered in this cause on the 10th day of

May, 1871, must be reversed, and the appellant recover his costs against the appellees here expended. And this Court proceeding to render such judgment as said circuit court should have rendered, the verdict of the jury is set aside, and a new trial granted in the cause, the costs of the former trial to abide the event of the suit; and the cause is remanded to said circuit court for further proceedings there to be had therein, according to law.

1875.
June Term.
Elliott and wife
v.
Hutchinson.

Moore, Judge, concurred.

Hoffman, Judge, concurred, except as to so much of the foregoing opinion as relates to the action of the court in rejecting the plea of the statute of limitations.

JUDGMENT REVERSED, VERDICT SET ASIDE, NEW TRIAL GRANTED, AND CAUSE REMANDED.