Staples, J.,
delivered the opinion of the court:
The court is of opinion, that the award upon which complainant relied in the court below, being founded upon evidence received by the arbitrator in the absence and without the knowledge or consent of the defendant, is invalid, and furnishes no just claim to relief in a court of equity.
The court is further of opinion, that a cross-bill is not necessary to impeach said award; but the same may be done by answer. The right to an injunction is not ex debito justitias; but the application is addressed to the sound discretion of the chancellor, upon all the ^circumstances of each particular case. A party seeking the exercise of this prohibitory *600 power must come with clean hands and with a case sanctioned by the clearest principles of justice. The only foundation for the complainants claim to the interposition of the court is the award. If that be' invalid by reason of the misconduct of the arbitrator, or the complainant, a court of equity will not interfere, but leave the party to such remedies as he has, if any, in a court of law. In such case it does not matter whether the objections to the award appear on the face of the bill, or by the answer, or by the evidence. In either case the result is a dismissal of the bill. If the defendant asks nothing- beyond such dismissal, there is no good reason why he may not in his answer rely upon any matters which make it inequitable to grant the prayer of the bill. It is only when the defendant goes beyond this, and asks affirmative relief at the hands of the court, that a cross-bill is indispensable. The case of German v. Mastrin, 2 Paige R. 288, affords an illustration of this principle. It was there held, that the defendant might in his answer, set up an equitable title in himself against the demand of the plaintiff for partition; but if he desires affirmative relief by a decree for a conveyance of the legal title, then vested in the plaintiff, he must file a cross-bill.
In this state, the courts have, in a number of cases, given to the answer all the effects of a cross-bill; and the same course has been occasionally followed by the English courts. And according to the settled practice, a cross-bill is now dispensed with in cases where it was once uniformly required. The court will sometimes of its motion direct a cross-bill to be filed when it is of opinion it is demanded by the purposes of justice. There is no inflexible rule on the subject. If *the court is satisfied that the whole merits of the case have been fully developed on bill and answer, no good can be effected by a cross-bill. And there can be no valid reason for putting the parties to the expense and delay of such a proceeding. And this is precisely the aspect of the case before us. The decision turns upon the testimony of the arbitrator. There is no controversy as to the facts- stated by him. Neither party can therefore possibly be prejudiced by the failure to file a cross bill, nor can either derive the slightest advantage from having it in the cause.
The award being out of the case, and all the allegations of the bill in regard to the plaintiff’s title being denied by the anwser and unsustained by proofs, there was no cause for the interference of a court of equity. The court is therefore of opinion, that the circuit court did not err in dismissing the plaintiff’s bill.
Decree affirmed.
ANSWERS IN EQUITY PLEADING.
I. Definition.
II. General Nature and Office.
III. Frame.
A. Composite Parts.
B. Caption.
1. Dual Character of Respondent.
2. Co-Executors.
3. Partners.
4. By Guardian Ad Litem.
C. Demurrer and Reservation of Exceptions to Bill
1. Demurrer and Answer.
2. Reservation of Exceptions.
D. Distinct and Categorical Answer to Bill.
1. General Rule,
a. Exceptions.
2. Consistent Defenses.
3. To Bills of Discovery.
4. Impertinent Matter.
5. Reference to Extrinsic Papers.
E. General Denial of Averments in Bill.
F. Conclusion.
1. Affidavit.
a. General Rule and Qualifications.
b. Of One of Several Defendants.
c. Of Guardian Ad Litem.
d. Answer of Corporations.
e. Certification by Unauthorized Person.
f. Belief of Affiant.
g. Presumption on Appeal.
IV. Filing.
A.Time.
1. Filing at Rules.
2. Failure to File Answer.
3. After Demurrer Overruled.
4. Answer to Injunction Bill.
5. Answer to Cross-Bill.
6. When Conditional.
7. Waiver of Objections to Filing of Bill.
V. Exceptions to.
A. Office and Object.
B. Essentials.
C. Mode of Excepting.
D. For Insufficiency.
1. When Overruled.
2. Issue upon.
E. Filing Exceptions.
F. Effect When Sustained.
G. Disposal of Exceptions.
H. On Appeal.
VI. Issue upon an Answer.
A. Defendant Setting the Case for Hearing.
B. Plaintiff-Setting the Case for Hearing.
C. Replication to Answer.
D. Omission of Replication.
VII. Admissions in.
A. General Rule.
1.Qualifications.
B. Conclusiveness of.
C. Contradictions in Answer.
VIII. As Evidence.
A. General Rule.
1. Conclusiveness — See Infra, “In. Special Instances.”
2. Exception.
a. Qualification of Exception.
B. When Oath to Answer Waived.
1. Former Rule.
2. Express Waiver Necessary.
3. In Amended Bill.
C. Responsiveness of Answer.
*601 D.On Motion, to Dissolve Injunctions.
1.General Rule,
a. Exceptions to.
15. In Other Causes.
F. Against Co-Defendant.
G. For Co-Defendant.
H. Hearing on Bill and Answer.
I. In Special Instances.
1. Evidence Overthrowing Answer.
2. Without Personal Knowledge.
3. Proceedings Devisavit Vel Non.
4. Identifying Land.
5. Answer Contradicted on Material Points.
0. Discretion of Court as to Weight.
7. Taken as a Whole.,,
8. To Bills of Discovery.
9. Evasive Answer.
10. In Regard to Commissioner’s Report.
IX. In lieu of Cross-Bill.
A. When Allowed.
B. When Not Allowed.
C. In West Virginia.
X. Issue Out of Chancery.
A. Discretion of Court in Regard to.
B. When Erroneously Awarded.
C. Evidence.
D. Instructions.
XI. Special Defenses by Answer.
A. Usury.
B. Innocent Purchaser.
C. Statute of Frauds.
D. In Proceedings against Gaming.
E. To Bill for Divorce.
XII. In Special Instances.
A. Infants.
B. Married Women.
C. Trustees.
D. Assignors.
E. Co-Trustees.
F. Lunatics.
G. Stockholders of a Corporation.
XIII. When Treated as Petition for Rehearing.
XIV. Aiding Defective Bills.
XV. Amendments of.
A.General Rule.
1. Qualifications.
XVI. Withdrawal and Demurrer.
I. DEFINITION.
In equity, pleading an answer is “a defense in writing, made by a defendant to the charges contained in a bill or information filed by the plaintiff, against him in a court of equity.” Bouvier’s Law Dict. 145. This is the definition generally accepted by the modern courts and text writers. See 1 Enc. Pl. & Pr. 865.
II.GENERAL NATURE AND OFFICE.
The general nature and oifice of an answer is nowhere better discussed than by Prof. Minor, in 4 Min. Inst. (3d Ed.) 1423 et seq., to which reference is now made without any attempt to expatiate.
III.FRAiTE.
A. Composite Parts. — An answer in chancery practice consists of the following composite elements: (1) The caption; (2) The reservation of exceptions to the bill; (3) A distinct and categorical answer to the bill; (4) A general traverse or denial of the averments of the bill; and (5) The conclusion. See Sand’s Suit in Eq. 389; 4 Min. Inst. (3d Ed.) 1430; Barton’s Ch. Pr. (2d Ed.) 406. For a discussion of these several divisions of an answer, see 4 Min. Inst. (3d Ed.) 1430, 1431.
B. Caption.
1. Dual Character of Respondent. — A defendant in equity is charged as executrt'ix and as devisee of a decedent; in the caption of her answer, she professes to answer only as executrix; but in the body of her answer, she in fact answers as devisee. Held, such answer places her before the court in her character as devisee. Kinney v. Harvey, 2 Leigh 70.
2. Co=Executors. — An answer filed by one executor is not to be taken as that of his co-executors, although the record states that “they appeared by counsel and filed their answer,” and no further steps were taken to compel a further answer from them. Chinn v. Heale, 1 Munf. 63.
3. Partners. — Where, however, the answer of one partner in the name of both is replied to generally, and no steps are taken to compel an answer from the other partner, it is deemed a sufficient answer of both. Freelands v. Royall, 2 H. & M. 575.
This case is not overruled by the above case of Chinn v. Heale, 1 Munf. 63, but they are distinguished, in that the answer in Freelands v. Royall, 2 H. & M. 575, on its very face, expressly stipulates to be the answer of both, and is acquiesced in by the plaintiff in his general replication, whereas, in. Chinn v. Heale, 1 Munf. 63, the answer of the other executors was only an adoption of the answer of the real respondent.
4. By Guardian Ad Litem. — Though an answer filed by the guardian ad litem purports to be the answer of the infant, by his guardian ad litem, yet where it is signed by the latter, and the opinions, responses, and statements are those of the latter, it has the same effect as if it had been designated and filed as the answer of the guardian in his proper person. Durrett v. Davis, 24 Gratt. 302.
C. Demurrer and Reservation of Exceptions to Bill.
1. Demurrer and Answer. — The Virginia statute, Va. Code, § 3264, allowing a defendant to “plead as many several matters, whether of law or fact, as he shall think necessary,” was held in Bassett v. Cunningham, 7 Leigh 407, to apply, by analogy, to proceedings in equity as well as in law, and accordingly an answer and a demurrer were allowed to be put in at the same time. See also, Jones v. Clark, 25 Gratt. 675; Dunn v. Dunn, 26 Gratt. 291; Matthews v. Jenkins, 80 Va. 463; Cook v. Dorsey, 38 W. Va. 196, 18 S. E. Rep. 468.
It is settled in this state that a demurrer in the form prescribed by statute, and alleging no grounds, inserted in the answer is sufficient. Dunn v. Dunn, 26 Gratt. 291; Matthews v. Jenkins, 80 Va. 463.
2. Reservations of Exceptions. — Though the reservation of exceptions is usually inserted in the answer, it is really superfluous in Virginia because of the rule that allegations in a bill which are not noticed are not thereby admitted. See infra, “Admissions — General Rule.”
In West Virginia, however, this subject is regulated by statute. See infra, “As Evidence — Responsiveness.”
D. Distinct and Categorical Answer to Bill.
1. General Rule. — ’‘To a bill of discovery the plaintiff is entitled to a full answer to all the charges of the bill which are not covered by a demurrer, plea, or disclaimer; or unless by answer the defendant *602 shows that he is not hound to make the disclosures called for hy the hill.” Barton’s Ch. Pr. (2d Ed.) 408.
a. Exceptions, — An answer which would result in the breach of professional confidence, cannot he compelled; the client, however, may waive the privilege since it only exists for his benefit. See Chahoon v. Com., 21 Gratt. 822; State v. Douglass, 20 W. Va. 770; Tate v. Tate, 75 Va. 522.
By the well established rule of equity, a defendant is not hound to disclose or answer matters which will expose him to pains, penalties or punishment, or to a criminal prosecution; and it is not necessary it should he made to appear that the defendant will he certainly exposed to peril hy making: the discovery sought; hut it is enough if it appear that hy answering the interrogatories of the hill he will thereby he probably subjected to danger. If the objection appears upon the face of the bill, the defendant may demur. If it does not thus appear, he must claim his protection by plea or answer, the averments of which, if traversed hy replication, must he proved. Bank v. Nelson, 1 Gratt. 108; Poindexter v. Davis, 6 Gratt. 481; Dulany v. Smith, 97 Va. 130.
A foreign corporation, being without the jurisdiction of the court, cannot be compelled to answer; however, absence of such answer is not ground for refusing to dissolve an injunction. B. & O. R. Co. v. City of Wheeling, 13 Gratt. 62.
Where upon the face of the hill the whole facts of the case appear from the records of other causes which have been ended, a demurrer to the hill may be passed upon without requiring the defendant to answer. Young v. McClung, 9 Gratt. 336.
2. Consistent Defenses. — An answer may set up any number of defenses which are consistent with each other, hut it cannot insist upon inconsistent defenses. Bank v. Parsons, 42 W. Va. 139, 24 S. E. Rep. 557; Barton’s Ch. Pr. (2d Ed.) 414.
3- To Bills of Discovery. — The case of Baker v. Morris, 10 Leigh 284, was a suit in equity, there being no remedy at law under the circumstances, to enforce payment of a bond debt twenty-eight years after the right to demand it accrued. To rebut the presumption of payment, the hill called upon the defendant to answer whether the debt had been paid or not. Bela, the defendant must answer the interrogatory. See also, Kyle v. Kyle, 1 Gratt. 532. See infra, “As Evidence — In Special Instances.”
4. Impertinent Matter. — "If an answer contain impertinent or scandalous matter, it will be referred to a commissioner to expunge such matter, at the costs of the party filing the answer.” Mason v. Mason, 4 H. & M. 414.
5. Reference to Extrinsic Papers. — Where an answer contains certain averments “as would appear hy the accounts and receipts annexed to the answer” such accounts and receipts should be produced, or interrogatories as to them should be awarded if required. Clay v. Williams, 2 Munf. 105.
E. General Traverse or Denial of Averments in Bill.— Though not an essential element in the frame of an answer, it is always advisable to put in a general traverse, in order to cover the possibility of failure to deny distinctly each separate charge in the bill; for the effect of such denial is to throw upon the plaintiff the burden of proving his allegations. Bronson v. Vaughan, 44 W. Va. 406, 29 S. E. Rep. 1022; Barton’s Ch. Pr. (2d Ed.) 410. See especially, infra, “Evidence — Conclusiveness. ”
Where the answer denies generally all knowledge concerning facts alleged in the bill it suffices to put those facts in issue. Ronald v. Bank, 90 Va. 815, 20 S. E. Rep. 780; Randolph v. Randolph, 6 Rand. 198.
P. Conclusion.
i. Affidavit.
a. General Rule and Qualifications. — As a general rule the answer must be sworn to. Barton’s Ch. Pr. (2d Ed.) 411. The plaintiff, however, may dispense with the oath by express waiver in his bill. Va. Code, § 3281. Seeinfra, “AsEvidence — Waiver of Oath.”
b. Of One of Several Defendants. — It was held in Arnold v. Slaughter, 36 W. Va. 589, 15 S. E. Rep. 252, that the affidavit of only one of several defendants was sufficient.
The court in the same case, quoting from the decision in Burlew v. Quarrier, 16 W. Va. 109, said: “When no exception or objection was taken in the court below, so far as the record shows, to an answer in chancery or to the filing thereof, because not verified by affidavit, it is too late to make the objection in the appellate court.”
c. Of Guardian Ad Litem. — In both Virginia and West Virginia, the answer to a bill for the sale of infants’ lands must be sworn to by the infant (if over 14 years of age), and also by his guardian ad litem in proper person. Va. Code, § 2618; W. Va. Code, ch. 83, § 3; Durrett v. Davis, 24 Gratt. 302; Ewing v. Ferguson, 33 Gratt. 548; Hull v. Hull, 26 W. Va. 1; Hart v. Hart, 31 W. Va. 688, 8 S. E. Rep. 562; Hays v. Camden, 38 W. Va. 109, 18 S. E. Rep. 461; Lancaster v. Barton, 92 Va. 615, 24 S. E. Rep. 251.
d. Answer of Corporations. — Contrary to the general rule the answer of a corporation is not required to be sworn to. The rationale of this is obvious; for since “a corporation has no soul,” it is morally impossible for it to swear. It follows, therefore, that such an answer is not evidence for the defendant though it be responsive to the bill; but it puts in issue the allegations of the bill to which it responds.
If the plaintiff wishes to have a sworn answer, he must make some of the officers or members of the corporation parties. B. & O. R. Co. v. City of Wheeling, 13 Gratt. 62; Teter v. W. Va. C. & P. Ry. Co., 35 W. Va. 433 14 S. E. Rep. 146; Roanoke St. By. Co. v. Hicks, 96 Va. 510, 32 S. E. Rep. 295.
It was held, in B. & O. R. Co. v. Gallahue, 12 Gratt. 664, that the answer of a corporation must have the corporate seal affixed. See also, B. & O. R. Co. v. City of Wheeling, 13 Gratt. 62; Barton’s Ch. Pr. (2d Ed.) 411; Teter v. W. Va. C. & P. Ry. Co., 35 W. Va. 433, 14 S. E. Rep. 146.
e. Certification by Unauthorized Person. — An un-sworn answer is not evidence for the defendants for any purpose. And in the case of Sitliugtous v. Brown, 7 Leigh 274, it was decided that a paper purporting to be an answer, but which was not certified by any person authorized by law to administer oath, was altogether defective, and of no evidence in the canse.
f. Belief of Affiant. — By Va. Code, § 3282, and W. Va. Code, ch. 125, § 42, the affidavit is sufficient, if the affiant swear that he believes the matter sworn to be true. See C. & O. R. Co. v. Harlow Huse, 5 W. Va. 579; Oil, etc., Co. v. Gale, 6 W. Va. 542; Hickman v. Painter, 11 W. Va. 386.
g. Presumption on Appeal. — In Durrett v. Davis, 24 Gratt. 302, it is held that where the decree recites that the cause came on to be heard upon the answer of a guardian ad litem it will be presumed, in the appellate court, that the answer was sworn to, though there be no evidence of the fact in the record.
*603 IV. FILING.
A. Time. — “At any time before final decree, a defendant may be allowed to file bis answer, but a cause shall not be sent to tbe rules or continued because an answer is filed in it, unless good cause be shown therefor.” Va. Code, § 3275.
A similar statute is thus construed in Bowles v. Woodson, 6 Gratt. 81: “A defendant in chancery, though in default for want of an answer, ought to be permitted to file any proper answer at any time before a final decree.” See also, Bean v. Simmons, 9 Gratt. 391; Reynolds v. Bank, 6 Gratt. 183: Brent v. Washington, 18 Gratt. 540.
In Elder v. Harris, 76 Va. 192, the court held that, “the provision of the statute, allowing a defendant to file his answer at any time before final decree, has no reference to an amended or supplemental answer.” See further applications of the above quoted statute, in Welsh v. Solenberger, 85 Va. 441, 8 S. E. Rep. 91; Radford v. Fowlkes, 85 Va. 820, 8 S. E. Rep. 817; Buford v. North R., etc., Co., 90 Va. 418, 18 S. E. Rep. 914; Ogden v. Brown, 83 Va. 670, 3 S. E. Rep. 236.
In West Virginia there is a statute similar to that in Virginia above quoted. See W. Va. Code, ch. 125, § 53. For constructions of this statute, see Elliott v. Hutchinson. 8 W. Va. 452; Tracewell v. Boggs, 14 W. Va. 254.
i. Filing at Rules. — Answers except in cases of injunction, can only be filed at rules or in court. Bank v. Huntington, etc,. Co., 41 W. Va. 530, 23 S. E. Rep. 792; Goddin v. Vaughn, 14 Gratt. 102; Zell, etc., Co. v. Heatherly, 38 W. Va. 409, 18 S. E. Rep. 611; Randolph v. Randolph, 6 Rand. 200.
The irregularities or defects at rules are waived by the submission of the case for hearing. Ronald v. Bank, 90 Va. 815, 20 S. E. Rep. 780.
a. Failure to File Answer. -By Va. Code. § 3284 and W. Va. Code. ch. 1252. § 44, a defendant who appears and fails to plead answer, etc., may be given a rule to plead, and if he continue in default, at the next rule day the bill will be taken for confessed, as to him. See Price v. Thrash, 30 Gratt, 515 and Hartley v. Roffe, 12 W. Va. 401, for applications of these statutes.
In Mitchell v. Evans, 29 W. Va. 569, 2 S. E. Rep. 84, the syllabus by the court was as follows: “A decree overruling a demurrer by the defendant to the plainliif’s bill uses these words, ’‘and the defendant not asking further time to answer said bill.’ IleW these words, as construed by the context, are equivalent to the words, ‘and the defendant not desiring further time,’ etc., and therefore operated as a waiver of a rule upon the defendant to answer the bill.”
3. After Demurrer Overruled. — If a demurrer to the plaintiff’s bill be overruled the defendant may be required to answer the bill forthwith, and in default thereof the bill may be taken for confessed, and the matter thereof decreed, or the plaintiff may have an attachment against him or an order for him to be brought in to answer interrogatories. This is the substance of the statutes in Virginia and West Virginia on the subject. See Va. Code. §§ 3273. 8289; W. Va. Code, ch. 125, §§ 30, 48.
For judicial construction of these statutes, see Sutton v. Gatewood, 6 Munf. 398; Bank v. Nelson, 1 Gratt. 108; Capehart v. Hale, 6 W. Va. 547; Nichols v. Nichols, 8 W. Va. 174; Pecks v. Chambers, 8 W. Va. 210; McKay v. McKay, 28 W. Va. 514; Moore v. Smith, 26 W. Va. 379; Gates v. Cragg, 11 W. Va. 300; Mitchell v. Evans, 29 W. Va. 569, 2 S. E. Rep. 84; Reynolds v. Bank, 6 Gratt. 174; Brent v. Washington, 18 Gratt. 540.
Where the defendant’s demurrer to the bill is overruled, he is at liberty to file any sufficient answer. Bank v. Nelson, 1 Gratt. 108; Billingsley v. Manear, 47 W. Va. —, 35 S. E. Rep. 847.
4. Answer to Injunction Bill. — “There seems to be some confusion of opinion among the legal profession, as to when and where an answer may be filed to a bill of injunction, and be considered and have its proper effect on a motion to dissolve. In the case of Goddin v. Vaughn’s Ex'ors et al., 14 Gratt. 102, Judge Lee in delivering the opinion of the court, at pages 129 and 130 says: ‘Anotherobjection taken for the first time in the argument here, is that the motion to dissolve was premature, or at least that the answer should not have been read on the hearing. because it had not been filed either in court or at the rules. Generally it is trne that an answer can only be filed during the session of the court or at the rules, but by our statute, as I think, an exception is made in cases of injunction. The object, in giving the judge in vacation power to dissolve an injunction, was to prevent delay and this would be to some extent defeated, if a party had to wait until the rule day or a session of the court, before he could put in his answer, and have the benefit of it on a motion to dissolve. I think the larger power to entertain and decide the motion to dissolve, embraces that of receiving the answer and making it a part of the record. If there was anything in the objection, it should properly have been made, when the motion to dissolve was heard,’ &c. It seems to me, that these views of Judge Lee are correct and well founded, and I think in addition, that the answer may not only be received, as stated by Judge Kee and made a part of the record, but that a replication to such answer may likewise be received, and made a part of the record by the judge at the hearing of the motion to dissolve.” Hayzlett v. McMillan, 11 W. Va. 477.
5. Answer to Cross=Bill. — It is error to grant leave to answer a cross-bill after a final decree settling the rights of the parties has been rendered. Scott v. Rowland, 82 Va. 484. This case also held, that an answer cannot be treated as a cross-bill if proper relief is attainable on the bill and answer.
6. When Conditional. — After a decree for an account against a defendant who is in contempt, and a report of a commissioner, such defendant can be permitted to file his answer on condition only, that he does not delay the trial. Fisher v. Fisher, 4 H. & M. 484.
The answer of an absent defendant cannot be received, except upon paying down or giving security for the payment of such costs as the court shall think reasonable, unless the plaintiff will consent that the answer may be filed without such security. Hooe v. Barber, 4 H. & M. 440.
7. Waiver of Objections to Filing of Bill. — it is the duty of the clerk to dismiss a suit, when the process is served, and the bill is not filed in the time prescribed by the statute. But if the bill is filed before an order of dismissal is entered, and the defendant answers without insisting upon the dismissal of the suit, and consents to a hearing of the cause, he thereby waives the objection. Buchanan v. King, 22 Gratt. 414.
V. EXCEPTIONS TO.
A. Office and Object. — Exceptions are allegations in writing stating the particular points or matters, *604 with respect to -which the complainant considers the answer insufficient as not responsive to the hill, or scandalous, or impertinent. The object of exceptions is to direct the attention of the court to the points excepted to, and to take its opinion thereon, before further proceeding's are had, to the end that, if the answer is insufficient, a better answer may be compelled, or if scandalous or impertinent, that the scandalous or impertinent matter may be expunged. Richardson v. Donehoo, 16 W. Va. 685; Bennett v. Pierce, 45 W. Va. 654, 31 S. E. Rep. 972.
B. Essentials. — Mr. Barton, in his admirable work on Chancery Practice (2dEd.) pp. 415, 416, says: “The exceptions should pray that the defendant put in a further and full answer to the bill, and all the points of insufficiency should be fully and minutely stated, for, after the answer to the exceptions, unless the defendant flies a further answer, or except in the case of a clear mistake, the plaintiff cannot add to his exceptions, nor will he be allowed to file exceptions after a replication to the answer.”
C. Mode of Excepting. — The mode in which an exception to an answer shall point out the omission excepted to, is a matter or practice discretionary with the court, and not a subject of appeal. Craig v. Sebrell, 9 Gratt. 131.
D. For Insufficiency, (Seealso Infra, “Admissions”).— Objections to an answer for insufficiency, and other proper objections to an answer are set up by exceptions, which ought to be and are generally written on the answer itself. Barton’s Ch. Pr. (2d Ed.) 515; Burlew v. Quarrier, 16 W. Va. 108.
"A total failure to answer admits the whole bill to be true; erw, a partial failure to answer admits the part unanswered to be true. But in the case of a total failure, the party is in contempt; and yet such steps are taken, as are calculated to warn him of the effects of his contumacy. Whereas, when he answers, and no exception is taken to his answer as insufficient, he has no notice that hereafter, at the hearing, certain facts will be relied on as proved because he has not expressly noticed and negatived them in his answer.” Per Carr, J., in Coleman v. Lyne, 4 Rand. 456.
1. When Overruled. — The court, in Richardson v. Donehoo, 16 W. Va. 703, said: “Exceptions for insufficiency of an answer can only be sustained where some material allegation, charge or interrogatory in the bill is not fully answered. Exceptions founded on verbal criticism, slight defects and the omission of immaterial matter, will be disallowed and treated as vexatious. ” See also, Kelly v. Lehigh, etc., Co., 98 Va. —, 36 S. E. Rep. 511.
2. Issue upon. — In Bank v. Parsons, 42 W. Va 147, 24 S. E. Rep. 557, it was decided that when the exceptions to an answer are set down to be argued, the court simply decides whether the answer is sufficient or not. See also, Clarke v. Tinsley, 4 Rand. 250. In this latter case the chancellor instead of deciding whether the exceptions were good or bad entered a decree as upon a hearing and sent the cause to a commissioner for an account. On appeal, the proceedings subsequent to the exceptions were set aside, and the cause sent back for the exceptions to be heard. However, in Goddin v. Vaughn, 14 Gratt. 102, it was held that if exceptions to an answer are not well founded, it is not ground for reversing a decree, that they were not set down to be argued, but the cause was heard and decided without passing upon them.
E. Filing Exceptions. — In both Virginia and West Virginia, there are identical statutes regulating
this proceeding, which provide that “when the plaintiff tiles exceptions to an answer, they must be set down to be argued.” Va. Code, § 3276; W. Va. Code, ch. 125, § 54. See Craig v. Sebrell, 9 Gratt. 131; Blair v. Core, 20 W. Va. 265; Burlew v. Quarrier, 16 W. Va. 109; Richardson v. Donehoo, 16 W. Va. 685. This last case contains an approved form of exceptions to answer. In Johnston v. Wilson, 29 Gratt. 390, it was held that when exceptions to an answer are sustained, the defendant will be allowed further time to answer.
F. Effect When Sustained. — If the exceptions to an answer are sustained and the defendant refuse to answer further within the time required by the court, the bill may be taken for confessed, and a decree entered accordingly. Clarke v. Tinsley, 4 Rand. 252; Coleman v. Lyne, 4 Rand. 456; Barton’s Ch. Pr. (20. Ed.) 417.
Where exceptions to a part of an answer are sustained, and the defendant does not ask leave to amend his answer, the case may be heard on the bill and so much of the answer as is not excepted to. This rule was laid down in Chapman v. R. Co., 26 W. Va. 307.
G. Disposal of Exceptions. — In West Virginia there may be a reference of exceptions to a commissioner in the discretion of the court. Arnold v. Slaughter, 36 W. Va. 593, 15 S. E. Rep. 252.
H. On Appeal. — In Burlew v. Quarrier, 16 W. Va. 109, syllibi 10 and 11 contain the following by the court: “When no exception or objection was takenin the court below, so far as the record shows, to an answer in chancery or to the filing thereof, because not verified by affidavit, it is too late to make the objection in the appellate court. But when there are specific allegations of material facts in a bill in equity, and the answer does not specifically admit or deny such material allegations, but among other things contains this clause, vis-. 'They deny all the material allegations contained in the plaintiff’s bill, and call for strict proof of the same,’ while this denial is general and not sufficient to constitute good pleading in chancery proceedings, if excepted to properly in the court below, still in the absence of such exceptions in the court below the appellate court will generally consider said part of the answer as controverting said material allegations of the bill.”
“If by inadvertence the circuit court decides a cause upon the bill and answer, when the record shows, that the answer had been replied to generally, and the case made by the bill and answer is entirely different from the case made by the bill, answer and general replication, this court will reverse the decree so entered upon the bill and answer. It will however enter no decree in the cause made by the bill, answer and general replication, as such cause has never been before the circuit court for its consideration and has never been acted upon by it. This court will simply remand the case to the circuit court to be proceeded with, as if no decree had been entered in the cause.” Armstrong v. Grafton, 23 W. Va. 50.
VI. ISSUE UPON AN ANSWER.
A. Defendant Setting the Case for Hearing. — In Virginia, if one month, and in West Virginia if two months, elapse after the answer of a defendant is filed, without the cause being set for hearing and without exception being filed to such answer, the defendant may have the cause set for hearing as. to himself. Va. Code, § 3291; W. Va. Code, ch.125, § 50. See Dalby v. Price, 2 Wash. 191; Poling v. Johnson, 2 Rob. 255.
*605 B. Plaintiff Setting the Case for Hearing, —A plaintiff in equity may at or after the rule flay at which the "bill is taken for confessed as to any defendant, or at which his answer is filed, (or, in Virginia, whenever the execution of an order of publication against him is completed,) have the cause set for hearing as to such defendant, and it may be so set for hearing on the answer, or upon a general replication thereto, as the plaintiff may prefer. Va. Code, § 3291; W. Va. Code, ch. 125, § 50.
C. Replication to Answer. — Special replications have long since fallen into disuse. See 4 Min. Inst. (3d Ed.) 1445; Barton’s Ch. Pr. (2d Ed.) 441. The present practice is, if the plaintiff conceives, from any matter in the answer or plea, that his bill is not properly adapted to the case, he may obtain leave from the court to amend his bill, or may file a supplemental bill. Barton’s Ch. Pr. (2d Ed.) 442, and cases cited. Por the practice in West Virginia see infra, “As Cross-Bills — Statute. ”
D. Omission of Replication. — It is provided by statute, that no decree shall be reversed for want of a replication to the answer, although the defendant has or has not taken depositions, if there has been a hearing upon the merits. Va. Code, § 3450. See application of this statute in Dabney v. Preston. 25 Gratt. 838; Harris v. Harris, 31 Gratt. 19: Simmons v. Simmons, 33 Gratt. 451; Cocke v. Minor, 25 Gratt. 246; Jones v. Degge, 84 Va. 685, 5 S. E. Rep. 799; Kern v. Wyatt, 89 Va. 885, 17 S. E. Rep. 549; Ward v. Funsten, 86 Va. 366, 10 S. E. Rep. 415.
The West Virginia statute upon the subj ect, similar to the former Virginia statute, provides, that no decree shall be reversed for want of a replication to the answer, where the defendant has taken depositions as if there had been a replication, and it appears that there was a fair hearing upon the merits. W. Va. Code, ch. 134, § 4. See Goddin v Vaughn, 14 Gratt. 131; Jones v. Janes, 6 Leigh 174; Forqueran v. Donnally, 7 W. Va. 114; Coal R., etc., Co. v. Webb, 3 W. Va. 438; Martin v. Rellehan, 3 W. Va. 480; Moore v. Wheeler, 10 W. Va. 41; Richardson v. Donehoo, 16 W. Va. 707; Chalfants v. Martin, 25 W. Va. 394; Cunningham v. Hedrick, 23 W. Va. 580.
The effect of a failure to reply under these enactments, would leave the answer tobe taken as wholly true. 4 Min. Inst. (3d Ed.) 445; Barton’s Ch. Pr. (2d Ed.) 441. The question, howeyer, will probably never arise, since it has (at least in Virginia) become an established custom for the clerk himself to enter a replication.
VII. ADMISSIONS IN.
A. General Rule. — In Dangerfield v. Claiborne, 2 H. & M. 18, It was said: “The rule in future will be understood as settled; that, where the answer is not responsive to a material allegation of the bill, the plaintiff may except to it as insufficient, or may move to have that part of the bill taken for confessed; but if he does neither, he shall not, on the trial, avail himself of any implied admission by the defendant: for, where the defendant does not answer at all, the plaintiff cannot take his bill for confessed, without an order of court to that effect, and having it served upon the defendant; and this is the only evidence of his admission. Of course, if this mode of proceeding, as to the confession of the whole bill, be correct, it must be equally correct as to the confession of any part.”
This proposition was apparently overruled in the later decision of Page v. Winston, 2 Munf. 298, and Scott v. Gibbon, 5 Munf. 86. A close perusal of the facts in these cases will, however, disclose certain distinctions, by which they may be reconciled with the older adiudication. In both cases the onuspro-bandi lay upon the defendant, — in Page v. Winston because of the fact that the allegation in the bill was negative — that something was not done, while in Scott v. Gibbon, certain documentary evidence proved prima fade that the fact alleged, and not denied, was true. The still more recent cases adhere to the proposition laid down in Dangerfield v. Claiborne, 2 H. & M. 18. See Cropper v. Burtons, 5 Leigh 426; Coleman v. Hyne, 4 Rand. 454; Argenbright v. Campbell, 3 H. & M. 165; Miller v. Argyle, 5 Leigh 460; Clinch R. M. Co. v. Harrison, 91 Va. 131, 21 S. E. Rep. 660; 1 Va. Law Reg. 45.
i. Qualifications. — Where an injunction Is granted, and a material fact is alleged in the bill, and not denied in the answer, such fact must be taken as true on a motion to dissolve; and no other proof will be required on such motion, though at the hearing the plaintiff would have to bear the burden of proof. Randolph v. Randolph, 6 Rand. 198; B. & O. R. Co. v. City of Wheeling, 13 Gratt. 61; Ludington v. Tiffany, 6 W. Va. 11.
If the plaintiff in equity call upon the defendant, as assignee of a bond, to say whether he had notice of the consideration thereof, when he received the money dne'thereon; and, in his answer, he says, that he had no such notice when he took the assignment, the answer is not to be considered as admitting notice at the time of receiving the money. Edgar v. Donnally, 2 Munf. 387.
If matter appear in the answer of a defendant in equity, which is nowise alleged in the bill, it cannot justify a decree for plaintiff against defendant, though it might have been ground for such decree, if it had been alleged in the bill. (Per Brocken-BRoireH, J.) Eib v. Martin, 5 Leigh 132.
B. Conclusiveness of. — The admissions in an answer to the allegations of a bill are conclusive, and cannot be denied by the defendant in his proofs. Shirley v. Hong, 6 Rand. 764. In this case a defendant in his answer admitted that a slave claimed by him as a gift had always been in the possession of the donor. Held, that he cannot be allowed to give evidence that he, the donee, had the possession, for such evidence varies from the admission.
In the case of Kerr v. Love, 1 Wash. 172, a decree against the defendant was based entirely upon the admissions in his answer without other proof.
C. Contradictions in Answer. — Where an answer contains positive denials or statements, which are responsive to the bill, these will not be overthrown by any admissions, or contradictions which may be found in the answer. Neither will the weight of the whole answer be destroyed, by proof that the defendant is unworthy of credit, nor by direct or indirect proof that the answer is false in one or several respects; the only eflect of such proof being to destroy the weight of the answer to the extent to which it is disproved by that amount of evidence which is required by the rule in chancery. See Fant v. Miller, 17 Gratt. 187; Powell v. Manson, 22 Gratt. 189; Broughton v. Coffer, 18 Gratt. 196; Shannon v. McMullin, 25 Gratt. 211. See infra, “As Evidence.”
VIII. AS EVIDENCE.
A. General Rule. — “ ‘The general rule,’ says Chief Justice Marshalu, ‘that either two witnesses or one witness with probable circumstances will be required to outweigh an answer asserting a fact responsively to a bill, is admitted. The reason upon which the rule stands is this; The plaintiff calls *606 upon the defendant to answer an allegation he makes, and thereby admits the answer to he evidence. If it is testimony, it is equal to the testimony of any other witness; and as the plaintiff cannot prevail if the balance of proof he not in his favor, he must have circumstances in addition to his single witness, in order to turn the balance. But,’ he adds, ‘certainly there may he evidence arising from circumstances stronger than the testimony of any single witness.’ Clark's Ex’ors v. Van Riemsdyk, 9 Cranch 158, 160. This case, among numerous others, is cited by the editor (1 Dan. Ch. Prac. 843, note 7, 4 Amer. Ed.) in support of the proposition, that ‘where a replication is put in and the parties proceed to a hearing, all the allegations of the answer which are responsive to the bill shall be taken as true, unless they are disproved by evidence of greater weight than the testimony of a single witness,’ and that ‘this may result from the testimony of two witnesses; or of one with corroborating circumstances; or from corroborating circumstances alone; or from documentary evidence alone. ’ ’ ’ Jones v. Abraham, 75 Va. 470; Moore v. Ullman, 80 Va. 307.
“There is nothing better settled than that where the answer is responsive to the bill, it is to be taken as true, unless it be contradicted by two witnesses or by one witness and corroborating circumstances.
Tuck. Com. book 3, p. 502, and cases cited. The rule is thus broadly laid down by Story: ‘In every case the answer of the defendant to a bill filed against him upon any matter stated in the bill and responsive to it, is evidence 'in his own favor. Nay, the doctrine of equity goes farther, for not only is such an answer proof in favor of defendant, as to the matters of fact of which the bill seeks a disclosure from him; but it is conclusive in his favor, unless it is overcome by the satisfactory testimony of two opposing witnesses, or of one witness corroborated by- other circumstances and facts, which give to it a greater weight than the answer, or which are equivalent in weight to a second witness.’ 2 Story’s Eq., 1 1528. In the absence of such opposing testimony, the court will neither make a decree, nor send the case to be tried at law; but will simply dismiss the bill. Id. This is strongly illustrated by two cases recently decided by this court, in each of which a decree in favor of the plaintiff in such a case was reversed, because the court below, instead of ordering an issue, ought to have dismissed the bill. Wise v. Lamb, 9 Gratt. 294; Smith v. Betty, 11 Id. 752.” This was the opinion of the court, in Fant v. Miller, 17 Gratt. 205. See also, Beverley v. Walden, 20 Gratt. 164; Grigsby v. Weaver, 5 Leigh 197; Carter v. Carter, 82 Va. 636; Elder v. Harris, 75 Va. 72; Keagy v. Trout, 85 Va. 395, 7 S. E. Rep. 329; Jones v. Christian, 86 Va. 1031, 11 S. E. Rep. 984; Morrison v. Grubb, 23 Gratt. 350; Beale v. Hall, 97 Va. 383, 34 S. E. Rep. 53.
i. Conclusiveness. — In Thompson v. Clark, 81 Va. 428, in applying to the ordinary rule as to the effect of an answer to a bill for discovery and relief, the court continued: — “By that rule the answer is treated as evidence, including its affirmative statements of fact which are pertinent to the discovery sought by the bill, and is conclusive, unless overcome by the testimony of two opposing witnesses, or of one witness corroborated by other circumstances, or by corroborating circumstances or documentary evidence alone. Shurtz v. Johnson, 28 Gratt. 657; Jones v. Abraham, 75 Va. 466; Bell v. Moon, 79 Va. 341; Moore v. Ullman, 80 Va. 307.” See to the same effect, Va. Code, § 3281; Corbin v. Mills, 19 Gratt. 466; Morrison v. Grubb, 23 Gratt. 342; Maupin v. Whiting, 1 Call 225; Pryor v. Adams, 1 Call 390; Buck v. Copland, 2 Call 229; Beatty v. Smith, 2 H. & M. 396; Batchelder v. White, 80 Va. 109; Heffner v. Miller, 2 Munf. 45; Wise v. Lamb, 9 Gratt. 300; Powell v. Manson, 22 Gratt. 177; Statham v. Ferguson, 25 Gratt. 39; Shurtz v. Johnson, 28 Gratt. 664; Shultz v. Hansbrough, 33 Gratt. 581; Bullock v. Goodall, 3 Call 49; Love v. Braxton, 5 Call 537; Auditor v. Johnson, 1 H. & M. 536; Ward v. Cornett, 91 Va. 679, 22 S. E. Rep. 494; Roberts v. Kelly, 2 P. & H. 396, 2 Va. Law Reg. 681; Smith v. Smith, 92 Va. 696, 24 S. E. Rep. 280; Hoomes v. Smock, 1 Wash. 389; Kennedy v. Baylor, 1 Wash. 162; Arnold v. Welton, 5 W. Va. 436.
In West Virginia, this subject is now regulated by statute as follows: “When a defendant in equity shall, in his answer, deny any material allegation of the hill, the effect of such denial shall only be to pat the plaintiff on satisfactory proof of the truth of such allegation, and any evidence which satisfies the court or jury of the truth thereof shall be sufficient to establish the same.” Code of W. Va., ch. 125, § 59. This statute is construed in the following cases; Lowry v. Buffington, 6 W. Va. 249; Brown v. Knapp, 7 W. Va. 678; Nichols v. Nichols, 8 W. Va. 174; Hayzlett v. McMillan, 11 W. Va. 464; Bronson v. Vaughan, 44 W. Va. 406, 29 S. E. Rep. 1022; Jarrett v. Jarrett, 11 W. Va. 584.
2. Exception. — In Purcell v. Purcell, 4 H. & M. 511, the court, in the course of its opinion, said: “The standing rule in equity is. that an answer is not evidence in favor of the defendant, unless It be responsive to the bill; and therefore, whatever the answer asserts affirmatively, in opposition to the plaintiff’s demand, must he proved by indifferent testimony.” See further, James R., etc., Co. v. Littlejohn, 18 Gratt 77; Leas v. Eidson, 9 Gratt. 277; Vathir v. Zane, 6 Gratt 266; Paynes v. Coles, 1 Munf. 373; Beckwith v. Butler, 1 Wash. 225; Lewis v. Mason, 84 Va. 738, 10 S. E. Rep. 529; Hatcher v. Crews, 78 Va. 460; Jones v. Cunningham, 7 W. Va. 713; Fluharty v. Beatty, 4 W. Va. 525; Miller v. Blose, 30 Gratt. 754; Statham v. Ferguson, 25 Gratt. 39; Bowman v. Wolford, 80 Va. 215; Corbin v. Mills, 19 Gratt. 438; Fink v. Denny, 75 Va. 663; Blow v. Maynard, 2 Leigh 49; Wilkins v. Woodfin, 5 Munf. 183; King v. Malone, 31 Gratt. 169; Porter v. Young, 85 Va. 53, 6 S. E. Rep. 803.
a. Qualification of Exception. — Even though an answer contain affirmative matter, if such matter be pertinent to the charges or interrogatories in the bill, it is nevertheless evidence of such affirmation. This qualification was laid down in Lyons v. Miller, 6 Gratt. 439; Fant v. Miller, 17 Gratt. 206; Powell v. Manson, 22 Gratt. 177; Thompson v. Clark, 81 Va. 422.
B. When Oath to Answer Waived. — “If the complainant in a suit in equity shall, in his bill, waive an answer under oath, or shall only require an answer under oath, with regard to certain specified interrogatories, the answer of the defendant, though under oath, except such part thereof as shall be directly responsive to such interrogatories, shall not be evidence in his favor, unless the cause be heard upon bill and answer only; but may, nevertheless, be used as an affidavit with the same effect, as heretofore upon a motion to grant or dissolve any injunction, or upon any other incidental motion in the cause; but this shall not prevent a defendant from testifying in his own behalf, where he would otherwise be a competent witness.” Va. Code, § 3281.
i. Former Rule. — Prior to the passage of the above quoted statute (Acts 1883-4, p. 15), it was the settled *607 rnle in Virginia, that, even though the complainant in his hill expressly waive the oath to the respondent’s answer, yet that he could not, hy thusidisclaim-ing the benefit of a discovery, deprive the defendant of his right to answer under oath and have the advantage of such answer as evidence in his favor, so far as responsive to the hill. See Jones v. Abraham, 75 Va. 466; Fant v. Miller, 17 Gratt. 187; Thornton v. Gordon. 2 Rob. 719; Barton’s Ch. Pr. (2d Ed.) 418.
But the statute seems plainly to alter this rule, and allow the plaintiff to deprive the defendant of the weight of his answer as evidence, hy the express waiver of oath thereto. Barton’s Oh. Pr. (2d Ed.) 418.
2. Express Waiver Necessary. — Construing this statute, Lewis, P., delivering the opinion in Throckmorton v. Throckmorton, 86 Va. 770, 11 S. E. Rep. 289, said: “Our statute (Code, sec. 3281); permitting a complainant in equity to waive in the hill an answer under oath, is taken from the amendment to the forty-first rule of practice for the Federal courts of equity, and in Conley v. Nailor, 118 U. S. 127, it was decided, construing that amendment, that when the hill neither demands nor expressly waives an answer under oath, and the defendant answers under oath, the answer, responsive to the hill, is evidence in his hehalf, conclusive if not contradicted. If a plaintiff in equity, it was said, is unwilling that the answer shall he evidence against him, he must expressly waive the oath of the defendant in his hill.”
3. In Amended Bill. — Where an original hill does not waive an answer, and the latter is filed under oath, the plaintiff cannot deprive the defendant of the benefit of his sworn answer hy filing an amended hill waiving such oath. Throckmorton v. Throckmorton, 86 Va. 769, 11 S. E. Rep. 289.
C. Responsiveness of Answer. — “Every material allegation of the hill not controverted hy an answer, and every material allegation of new matter in the answer constituting a claim for affirmative relief, not controverted hy a special reply in writing, shall for the purposes of the suit, he taken as true, and no proof thereof shall he required.” W. Va. Code, ch. 125, § 36.
This statute is construed in the following cases cited in inverse chronological order: Newlon v. Wade, 43 W. Va. 283, 27 S. E. Rep. 244; Paxton v. Paxton, 38 W. Va. 616, 18 S. E. Rep. 765; Kanawha v. Swann, 37 W. Va. 176, 16 S. E. Rep. 462; Bierne v. Ray, 37 W. Va. 571, 16 S. E. Rep. 804; Elliot v. Trahern, 35 W. Va. 634, 14 S. E. Rep. 223; Cunningham v. Hedrick, 23 W. Va. 579.
A prior hut similar statute, to the above, was applied in Richardson v. Donehoo, 16 W. Va. 685; Anderson v. Nagle, 12 W. Va. 98; Gardner v. Landcraft, 6 W. Va. 36; Dickinson v. R. Co., 7 W. Va. 390; Warren v. Syme, 7 W. Va. 476; Forqueran v. Donnally, 7 W. Va. 114; Baker v. Oil Tract Co., 7 W. Va. 454; Jones v. Cunningham, 7 W. Va. 707; Laidley v. Kline, 8 W. Va. 218; Middleton v. Selby, 19 W. Va. 167; Snyder v. Martin, 17 W. Va. 276.
In the case of Major v. Ficklin, 85 Va. 738, 8 S. E. Rep. 715, where the defendant answered the plaintiff’s hill under oath, and denied its allegations, held, “This answer is evidence, and is sufficient to overturn the allegations in the hill, and leaves the plaintiff without proof, while the defendant’s case is established hy his answer.” See also, Moore v. Ullman, 80 Va. 310.
Where-the allegations of a hill of injunction are denied in the answer, and no proof of them is offered, the hill must he dismissed. Sneed v. Smith, 1 Patt. & H. 46; Wise v. Lamb, 9 Gratt. 294.
D. On Motion to Dissolve Injunctions. — “As a general rule an injunction ought not to he dissolved till all the defendants implicated in the charges made hy the hill have answered, hut there are well established exceptions to this rule. 1st. The plaintiff must have been diligent in taking the necessary steps to procure the answers of all the defendants. 2d. Answers are required only of those defendants upon whom rests the gravamen of the charges in the hill, and lastly no answer need he filed if the injunction on the face of the hill ought not to have been awarded.” Syllabus 4, by the court in Shonk v. Knight, 12 W. Va. 668.
Where a hill sets forth a contract and the plaintiff's construction thereof, and the answer admits the contract and claims under it, but denies the correctness of the plaintiff’s construction, this is not such a denial as per se. entitles the respondent to a dissolution of the pending injunction. Hughes v. Tinsley, 80 Va. 259.
i. General Rule. — In Shonk v. Knight, 12 W. Va. 683, there was a motion, on bill and answer, to dissolve an injunction. Held, “The answers fully, fairly, plainly, distinctly and positively deny the allegation, and therefore, according to the general rule laid down hy this court in Hayzlett v. McMillan, 11 W. Va. 464, the court on the coming in of such answers, ought to have dissolved the injunction, if, as was the case, the allegations of the bill were unsupported hy proof. It is true there are various exceptions to this general rule, as where the plaintiff would lose all the benefit which would otherwise accrue to him should he finally succeed in the cause, or where the facts disclosed by the hill and answer afford strong presumption that the plaintiff will establish his claim for relief on the parol hearing, and it appears that he would suffer great and immediate injury hy a dissolution of the injunction, or when a dissolution of the injunction would in effect amount to a complete denial of the relief sought hy the bill. In these and some other cases it would be proper to continue the injunction till the hearing.” See further, North v. Perrow, 4 Rand. 1; Thornton v. Gordon, 2 Rob. 719; Hogan v. Duke, 20 Gratt. 244; Deloney v. Hutcheson, 2 Rand. 183; Moore v. Steelman, 80 Va. 340; Thomas v. Rowe (Va.), 22 S. E. Rep. 157; Motley v. Frank, 87 Va. 432, 13 S. E. Rep. 26; Spencer v. Jones, 85 Va. 174, 7 S. E. Rep. 180; Muller v. Stone, 84 Va. 838, 6 S. E. Rep. 223; Va. Code, § 3281.
a. Exceptions to. — Where the equity of a hill of injunction is not denied, hut a new equity is set up by the answer, to repel or avoid it, such answer, read as an affidavit on a motion to dissolve, is not sufficient, of itself, to support the motion. Noyes V. Vickers, 39 W. Va. 30, 19 S. E. Rep. 429; Kerr v. Hill, 27 W. Va. 607; Atkinson v. Beckett, 36 W. Va. 438, 15 S. E. Rep. 179; Hughes v. Tinsley, 80 Va. 259.
On a motion to dissolve an injunction, made without any answer by the defendant, all the allegations of the hill must he taken as true. Peatross v. M’Laughlin, 6 Gratt. 64.
E. In Other Causes — The answer of a defendant In equity, is competent evidence against the same defendant, in a suit at law against him, although the plaintiff at law was not a party to the suit in equity. Hunter v. Jones, 6 Rand. 541.
In a suit against parties claiming under 0, plaintiffs rely on statements in the answer of O in another case. The parties claiming under G are not estopped hy these statements; hut they have only the effect of admissions or declarations, not made in the plead- *608 jngs in the cause, and their weight is to he ascertained hy the circumstances connected with them. However, C, under whom defendant claims, having-stated in her answer in another case, that a certain arrangement was made hy the consent of the parties interested, the defendant must he bound hy this admission, unless he can clearly establish that it was made under a mistake. Tabb v. Cabell, 17 Gratt. 160.
In Ellzey v. Lane, 4 Munf. 66, it was held that a complainant in his subsequent defense was not authorized to use as evidence his answer to a prior hill of review which had been dismissed on the ground that it ought not to have been allowed, the decree not being final.
P. Against Co-Defendant. — It is a well established rule that the answer of one defendant is not evidence against his co-defendant. This rule is based on the common sense reason that the defendant against whom the answer is proposed to be used as evidence would not have the benefit of a cross-examination, which is the main safeguard of truth. Dade v. Madison, 5 Leigh 401; Hoomes v. Smock, 1 Wash. 389; Pettit v. Jennings, 2 Rob. 681; 3 Va. Law Reg. 51; 4 Va. Law Reg. 532.
In Fisher v. White, 94 Va. 242, 26 S. E. Rep. 573, it is said: “No rule is better settled than that the answer of one defendant cannot be read as evidence by the plaintiff against another defendant where there is no joint interest, privity, fraud, collusion, or combination between the co-defendants. Dade v. Madison, 5 Leigh 401, 1 Dan. Ch. Pr. 841 (5th Ed.); 1 Greenleaf’s Ev., sec. 176.” See also, Wytheville, etc., Co. v. Erick Co., 96 Va. 141, 30 S. E. Rep. 491; Gilmer v. Baker, 24 W. Va. 72.
G. For Co-Defendant, — in regard to whether the answer of one defendant is available as evidence in favor of co-defendant, there seems tobe some conflict among the authorities. Prof. Minor in his able treatise of equity practice (4 Min. Inst. [3d Ed.] 1438), says that an answer is not, in general, available for a co-defendant, and he mentions no exceptions to the rule. Mr. Barton, however, in his authoritative work on Chancery Practice (Barton’s Ch. Pr. [2d Ed.] 435), declares that under certain circumstances the answer of one defendant does enure to the benefit of his co-defendant.
The former of these text writers relies upon the case of Hoomes v. Smock, 1 Wash. 392, for his conclusion, while the latter bases his argument upon the decision in Dade v. Madison, 5 Leigh 401; Pettit v. Jennings, 2 Rob. 697; Cartigne v. Raymond, 4 Leigh 579.
It would, perhaps, be too presumptuous to undertake to dogmatically declare either the one or the other of such eminent writers in the wrong, though Mr. Barton’s view seems the more consonant with sound principle, and is sustained in Ashby v. Bell, 80 Va. 819, in Terry v. Fontaine, 83 Va. 458, 2 S. E. Rep. 743; and in Johnston v. Zane, 11 Gratt. 568; Frank v. Lilienfeld, 33 Gratt. 380.
H. Hearing on Bill and Answer. — When a suit in equity is heard upon bill and answer, the answer is taken to be true in all its allegations whether responsive to the bill or not, unless the plaintiff files a replication thereto. The reason for this rule is that such failure on the part of the plaintiff to putin issue the facts alleged in the answer would preclude the defendant from proving them. Jones v. Mason, 5 Rand. 577, 16 Am. Dec. 761; Kennedy v. Baylor, 1 Wash. 162; Pickett v. Chilton, 5 Munf. 467; Findlay v. Smith, 6 Munf. 142, 8 Am. Dec. 733; Blanton v. Brackett, 5 Call 232; Copeland v. McCue, 5 W. Va. 264; Cleggett v. Kittle, 6 W. Va. 452; Bierne v. Ray, 37 W. Va. 571, 16 S. E. Rep. 804; Snyder v. Martin, 17 W. Va. 276; Martin v. Rellehan, 3 W. Va. 480; Saunders v. James, 85 Va. 936, 9 S. E. Rep. 147; Ingles v. Straus, 91 Va. 209, 21 S. E. Rep. 490; Bryant v. Groves, 42 W. Va. 10, 24 S. E. Rep. 605; Cocke v. Minor, 25 Gratt. 246: Hartman v. Evans, 38 W. Va. 669, 18 S. E. Rep. 810; Jones v. Degge, 84 Va. 685, 5 S. E. Rep. 799.
When a case in equity comes on to be heard upon the bill, the answers and exhibits, without replication to the answers, the allegations of fact, and denials of the answers, must be admitted to be true. If the answer clearly and unequivocally deny those allegations in the bill, upon which alone it can be sustained, or if the answer set up sufficient new matter in avoidance of those allegations, in either case the hill should be dismissed. But the facts constituting the equity should he plainly denied or clearly avoided. There should be no fact admitted by the answer inconsistent with defendant’s denial, no equivocal denial, no doubtful avoidance. In this case the denials and allegations of the answers, though there was no replication to them, were held not sufficient to defeat the plaintiff’s claim. Cocke v. Minor, 25 Gratt. 246.
I.In Special Instances.
1. Evidence Overthrowing Answer. — In Jones v. Abraham, 75 Va. 466, where the answer did not profess to he on the defendant’s own knowledge, it was held to be overcome hy strong circumstantial evidence alone.
An answer supported hy a commissioner’s report, and ■ acknowledgments by the plaintiff, will not he set aside by evidence of loose conversations between the parties, and conjectures of witnesses. Harris v. Magee, 3 Call 502.
If an answer is not contradicted hy the requisite evidence, two witnesses or one witness and corroborating circumstances, no issue should be directed, hut the bill must be dismissed. Carter v. Carter, 82 Va. 624; Beverley v. Walden, 20 Gratt. 147; Pryor v. Adams, 1 Call 382.
2. Without Personal Knowledge. — In Tabb v. Cabell 17 Gratt. 160, it was held that though there is no replication to an answer, yet the averment of a fact of which the defendant could have had no personal knowledge, will not he held conclusive of it, and the testimony of one witness for the plaintiff will be sufficient to disprove such averment.
The answer of a defendant which does not profess to be on his own knowledge, can only be treated as a plea of denial, and not as evidence in his behalf. See Jones v. Abraham, 75 Va. 469; Kincheloe v. Kincheloe, 11 Leigh 393.
3. In a Proceeding Devisavit Vel Non. — Unless, in such a proceeding, the hill specially calls for a discovery from the defendant, and unless the facts answered he within his special knowledge, his answer is not evidence in his favor even though responsive. Kincheloe v. Kincheloe, 11 Leigh 393; Coalter v. Bryan, 1 Gratt. 40; Malone v. Hobbs, 1 Rob. 369.
4. Identifying Land. — Where the answer and exhibits, in a suit for partition, identifying the land held by the defendant with the land claimed by the plaintiff in his bill, there is no need for proof on that point. Davis v. Tebbs, 81 Va. 600.
5. Contradicted on Material Points. — Where an answer is disproved in several material points, such contradiction deprives it of the weight which is allowed to answers by the rules of equitypractice. Countz v. Geiger, 1 Call 191.
*609 <6. Discretion of Court as to Weight. — The court may "believe part of an answer and disbelieve another part, though all of it be responsive to the bill. Mayo v. Carrington, 19 Gratt. 74.
7. Answer Taken as a Whole.— In Morrison v. Grubb, 23 Gratt. 342, the respondent in his answer not only1 denied the allegations in the bill, but made further statements. Held, that the whole answer must be taken together. See also, Clinch R. M. Co. v. Harrison. 91 Va. 130, 21 S. E. Rep. 660; Barton’s Ch. Pr. (2d Ed.) 422. See supra. "Conclusiveness.“
8. To Bills of Discovery. — “ Where a cause is retained which is brought into equity on the sole ground of discovery, and of which jurisdiction is acquired on that ground alone, the plaintiff must be content to have it disposed of in accordance with the established practice of the equity forum; that is to say, in accordance with the rule which does not permit the answer in such a case to be overturned by extrinsic evidence, since to falsify the allegation of a necessity for a discovery would defeat the jurisdiction of the court whose aid the plaintiff has invoked. 2 Tucker's Comm. 503.” This was the opinion in Thompson v. Clark, 81 Va. 427, following the important case of Fant v. Miller, 17 Gratt. 187, which overruled the doctrine of Lyons v. Miller, 6 Gratt. 427. See further, Chapman v. Turner, 1 Call 280; Smith v. Smith, 92 Va. 696, 24 S. E. Rep. 280. Where, however, the discovery sought by a technical bill of discovery, is required to be used in a trial at law, the general rule does not apply, since the plaintiff has his election to use the answer or not. Thornton v. Gordon, 2 Rob. 725; Powell v. Manson, 22 Gratt. 190; Jones v. Cunningham, 7 W. Va. 707.
9. Evasive Answer. — In Wilkins v. Woodfin, 5 Munf. 184, an evasive answer hasheld to be outweighed by the testimony of one witness and corroborating circumstances.
10. In Regard to Commissioner’s Report. — Where bill to enjoin sale under trust deed alleges that a certain debt was embraced in the trust deed, and the answer denies the allegation, though the answer on oath is waived, and the master's report sustains the denial and is supported by the plaintiff’s admissions elsewhere, the report should be confirmed. Adkins v. Edwards, 83 Va. 300, 2 S. E. Rep. 435.
It is settled doctrine that when an account is ordered of a fiduciary’s transactions, if additional objections to settled ex parte accounts are discovered, the plaintiff may present the matter before the commissioner, with proper specifications in writing, and the defendant may meet it by affidavit, which has the same weight as an answer in chancery. Davis v. Morriss, 76 Va. 34; Corbin v. Mills, 19 Gratt. 465; Chapman v. Shepherd, 24 Gratt. 377; Shugart v. Thompson, 10 Leigh 434.
IX. IN LIEU OF CROSS-BILL.
A. When Allowed. — Where the transactionbetween the parties are numerous and cognate, and have not all been embraced in the bill, but are set up in the answer, the latter may be treated as a cross-bill and put them in issue, and relief in respect thereto may be granted by the court, so as to avoid multiplicity of suits. Mettert v. Hagan, 18 Gratt. 231; Cralle v. Cralle, 79 Va. 182; Kendrick v. Whitney, 28 Gratt. 616, and note; Kyle v. Kyle, 1 Gratt. 526; Gregg v. Sloan, 76 Va. 502; Tate v. Vance, 27 Gratt. 571; Spoor v. Tilson, 97 Va. 279, 33 S. E. Rep. 609; Wayland v. Crank, 79 Va. 602: Adkins v. Edwards, 83 Va. 300, 2 S. E. Rep. 435.
B. When Not Allowed. — In Scott v. Rowland, 82 Va. 484, it was held that where proper relief is attainable on bill and answer, the answer should not be treated as a cross-bill.
C. In West Virginia. — “The defendant in a suit in equity may, in his answer, allege any new matter constituting a claim for affirmative relief in such suit against the plaintiff or any defendant therein, in the same manner and with like effect as if the same had been alleged in a cross-bill filed by him therein; and in such case, if the plaintiff or defendant against whom such relief is claimed, desire to controvert the relief prayed for in the answer, he shall file a special reply in writing, denying such allegations of the said answer as he does not admit to be true, and stating any facts constituting a defence thereto. Butin case a defendant allege new matter in his answer upon which he relies for and prays affirmative relief, such defendant shall not file a cross-bill in the same cause except upon condition of striking from his answer, all such matter and prayer for affirmative relief as are contained in such cross-bill.” W. Va. Code, ch. 125. § 35. For applications of this statute see the following cases: Paxton v. Paxton, 38 W. Va. 616, 18 S. E. Rep. 765; Goff v. Price, 42 W. Va. 384, 26 S. E. Rep. 287; N. & W. R. Co. v. McGarry, 42 W. Va. 395, 26 S. E. Rep. 297; Kilbreth v. Roots, 33 W. Va. 600, 11 S. E. Rep. 21; Enoch v. Mining & F. Co., 23 W. Va. 314; Cunningham v. Hedrick, 23 W. Va. 579.
A similar statute, to the one above quoted, was construed in the following cases; Armstrong v. Wilson, 19 W. Va. 108; Middleton v. Selby, 19 W. Va. 168: Alleman v. Kight, 19 W. Va. 201; Rust v. Rust, 17 W. Va. 901; W. Va. O. & O. L. Co. v. Vinal, 14 W. Va. 638; Hickman v. Painter, 11 W. Va. 386; Moore v. Wheeler, 10 W. Va. 35; Tompkins v. Stephens, 10 W. Va. 156; Vanbibber v. Beirne, 6 W. Va. 168.
In construing the above statute the court, in Moore v. Wheeler, 10 W. Va. 42, said: “An answer alleging new matter constituting a claim to affirmative relief in the suit, in the purview and meaning of the section under consideration, was intended simply to be allowed in lien of a cross-bill in the cause as to such new matter, and not to make any other change in the practice as to pleadings in courts of equity. Vanbibber v. Beirne, et als., 6 W. Va. R. 168.” See further, Armstrong v. Wilson, 19 W. Va. 114; Middleton v. Selby, 19 W. Va. 177.
An answer seeking affirmative relief foreign to the original bill was held bad on demurrer in Rust v. Rust, 17 W. Va. 904; McMullen v. Eagan, 21 W. Va. 247.
“Before sections 35 and 36 of chapter 125 of the Code were passed, while it was proper and in accordance with the strict rules of pleading when a bill to enforce a vendor’s lien on real estate was filed, if the defendant wished to rescind the contract because the defendant was of unsound mind when it was made, or it was procured by fraud, to file a cross-bill for that purpose; yet where the record showed that the relief could as well be given upon the bill and answer and proofs taken, as if a cross-bill were filed, the filing was dispensed with, as in such case it would be a mere formality to require it.” Per Curiam, in Cunningham v. Hedrick, 23 W. Va. 579.
X.ISSUE OUT OF CHANCERY.
A. Discretion of Court in Regard to. — While it is true that directing an issue to be tried by a jury is a matter of discretion in a court of equity, it is equally true that such discretion must be exercised *610 upon sound principle of reason and justice. A mis-taire in its exercise is a just ground of appeal; and the appellate court must judge whether such discretion has been soundly exercised in a given case. Wise v. Lamb, 9 Gratt. 294; Stannard v. Graves, 2 Call 369; Reed v. Cline’s Heirs, 9 Gratt. 136; Beverley v. Walden, 20 Gratt. 147; Robinson v. Allen, 85 Va. 721, 8 S. E. Rep. 835.
B. When Erroneously Awarded. — It is well settled, that in no case ought an issue to be ordered to enable a party to obtain evidence to make out his case; that, when" the allegations of the bill are positively denied by the answer, and the plaintiff has failed to furnish two witnesses, or one witness and strong corroborating circumstances, in support of the bill, it is error in the chancellor to order an issue; that no issue should be ordered until the plaintiff has thrown the burden of the proof on the defendant; that, until the onus is shifted, and the case rendered doubtful, by the conflicting evidence of the opposing parties, the defendant cannot be deprived by an order for an issue, of his right to a decision by the court on the case, as made by the pleadings and proofs. Smith’s Adm’r v. Betty, 11 Gratt. 752; Pryor v. Adams, 1 Call 382; Wise v. Lamb, 9 Gratt. 294; Grigsby v. Weaver, 5 Leigh 197; Beverley v. Walden, 20 Gratt. 147.
And it is held in Jones v. Christian, 86 Va. 1017, 11 S. E. Rep. 984, that even though an answer under oath be waived, yet when the case made by the bill is not sustained by proof, an issue out of chancery should not be awarded.
C. Evidence. — The rule of evidence is the same on the trial of an issue out of chancery as on the hearing in the chancery court; and such allegations in the answer as are responsive to the bill are conclusive unless contradicted by two witnesses or-one witness and corroborating circumstances. Powell v. Manson, 22 Gratt. 190.
In West Virginia, however, this' rule does not apply, having been changed by statute, for which, see Tompkins v. Stephens, 10 W. Va. 163; Barton’s Ch. Pr. (2d Ed.) 431.
D. Instructions. — On the trial of an issue, an instruction that the jury shall weigh the defendant’s answer instead of merely the parts responsive to the bill, though rather broad, is not error for which the verdict will be set aside. Snouffer v. Hansbrough, 79 Va. 166; Bank v. Waddill, 27 Gratt. 451.
XI. SPECIAL DEFENSES BY ANSWER.
A. Usury, — The defense of usury may- be set up by answer, and though the averments in. such answer be very informal, yet if, taken in connection with the charge in the bill, they make the defense of usury in substance, thé answer is good. Kelley v. Lewis, 4 W. Va. 456; Smith v. Nicholas, 8 Leigh 330; Crenshaw v. Clark, 5 Leigh 69.
B. Innocent Purchaser. — In Donnell v. King, 7 Leigh 393, it was held that a purchaser for valuable consideration without notice might set up such fact-as a defence by way of answer as well as by plea.
In Tompkins v. Mitchell, 2 Rand. 430, the court states the rule to be, “That he who claims protection as a purchaser without notice, must deny notice by answer, though it be not charged in the bill.” See also, Downman v. Rust, 6 Rand. 591; Rorer Iron Co. v. Trout, 83 Va. 420, 2 S. E. Rep. 713. In the last case it is held that such an answer must contain the following averments; (1) That they are purchasers for valuable consideration actually paid; (2) That they have received or are best entitled to receive conveyance; (3) That their grantor was in possession of the property at the time; (4) That these facts happened before notice of the adverse claim.
Where a bill is filed to set aside a conveyance by husband to wife, on the ground that it is voluntary, if the wife in her answer set up a contract founded on valuable consideration, she must establish such contract by legal and proper evidence. Blow v. Maynard, 2 Leigh 49; W. & M. College v. Powell, 12 Gratt. 372; Campbell v. Bowles, 30 Gratt. 663; Barton’s Ch. Pr.(2d Ed.) 428; Flynn v. Jackson, 93 Va. 341, 25 S. E. Rep. 1.
C. Statute of Frauds. — “When an answer admits an agreement for the sale or purchase of land alleged in the bill, though it be but a parol agreement, the defendant must plead the statute of frauds and perjuries, or the answer must claim the benefit of this statute; otherwise he is taken to have admitted an agreement, which is either good under the statute, or otherwise binding on him. The effect is the same under our rules of pleading when the agreement, though parol, is positively and definitely alleged in the bill, and he fails in his answer to deny it, though he does not admit it. The admission in the answer, which produces this effect, is an admission of the fact, that the contract alleged in the bill was made; and the effect of such admission will not be changed by a denial of the justice of enforcing such contract specifically, or by allegation of other facts, which, if true, would render it improper to enforce such contract.” Per Owriam, in Fleming v. Holt, 12 W. Va. 144 (Syllabi, 8, 9, 10).
D. In Proceedings against Gaming Transactions. — In both Virginia and West Virginia there are statutes providing that any person, who shall lose to another a certain amount within a certain time, may file a bill against the winner, who shall answer the same, and upon discovery- and repayment of the money or property so won or its value, the winner shall be discharged from any forfeiture or punishment which he may have incurred for winning the same. Va. Code, §§ 2837, 2838; W. Va. Code, ch. 97, §§ 2, 3.
E. To Bill for Divorce. — A divorce suit is conducted as other suits in equity, except that the bill cannot be taken for confessed, and whether the defendant answers or not the cause is heard independently of the admissions of either party. Va. Code, § 2260; W. Va. Code, ch. 64, § 8. See Bailey v. Bailey, 21 Gratt. 43; Latham v. Latham, 30 Gratt. 307; Throckmorton v. Throckmorton, 86 Va. 769, 11 S. E. Rep. 289; Cralle v. Cralle, 79 Va. 182; Hampton v. Hampton, 87 Va. 148, 12 S. E. Rep. 340.
In Harris v. Harris, 31 Gratt. 19, it was held that the answer to a divorce bill, excluding admissions, is entitled to the same weight as evidence as in any other suit in chancery.
XII. IN SPECIAL INSTANCES.
A. Infants. — In the case of Bank v. Patton, 1 Rob. 535, Baldwin, J., delivering the opinion of the court, said: “No rule is better settled than that an answer of an infant by guardian cannot be read against him at all for any purpose. 2 Madd. Ch. Pract. 278; Mitf. 314, 315; 1 Stark. Bv. Pt. II. p. 278.” See also, Alexander v. Davis, 42 W. Va. 465, 26 S. E. Rep. 291.
“The thirty-sixth section of chapter one hundred and twenty-five of the Code, so far as it relates to taking material allegations of a bill or material allegations of new matter in an answer constituting a claim for affirmative relief not controverted by a reply, as true, shopld be applied strictly, if at all, to the answer of infants by guardians ad litem." This *611 construction of the statute was made in Laidley v. Kline, 8 W. Va. 232.
Before there can be a decree for the sale of an infant’s land, there must be an answer filed by his guardian ad litem. Ewing v. Ferguson, 33 Gratt. 548; Hays v. Camden, 38 W. Va. 109, 18 S. E. Rep. 461. But where it appears from the record that the infant defendants appeared and answered by their guardian ad litem, and that there was a general replication thereto, it will be presumed in the court of appeals that the answer was regularly filed, though the answer itself is not found among the papers in the record. Smith v. Henkel, 81 Va. 524.
B. Married Women. — In a suit against a married woman where her husband was made a party for conformity, they each file separate answers. Held, that the answer of the husband cannot be used as evidence for the wife, though that filed by the latter can, so far as responsive to the bill. Frank v. Lilienfeld, 33 Gratt. 377.
Formerly a married woman answered by her husband or nest friend. 4 Min. Inst. (3d Ed.) 1432. But by Acts 1899-1900, p. 151, she is probably allowed to answer in her own name; the statute providing as follows: “A married women may contract and be contracted with, sue and be sued, in the same manner as if she were unmarried.”
C. Trustees. — Upon a bill against a trustee and cestui que trust in a deed, the trustee answers and puts the allegations of the bill in issue, but the hill is taken for confessed as to the cestui que trust. The answer of the trustee protects the cestui que trust, and the plaintiff must prove his case as to both. Johnston v. Zane, 11 Gratt. 552.
D. Assignors. — Under some circumstances, the answer of the assignor of a claim is held to be competent evidence against his volunteer assignee, in a controversy between said assignee and third persons. Griffin v. Macaulay, 7 Gratt. 476.
B. Co-Trustees. — On a bill filed against two trustees charging notice to one, the trustee charged with notice filed no answer to the bill, though his co-trustee did, denying the allegations of the bill. The effect of this answer was merely to present an issue and throw the burden of proof on the complainant. It could have no further weight Chapman v. Chapman, 91 Va. 397, 21 S. E. Rep. 813.
P. Lunatics. — la Callaway v. Dinsmore, 83 Va. 309, 2 S. E. Rep. 517, it was held that the answer of the committee of a lunatic, does not relieve the court of the necessity of taking an account of liens in a creditor’s suit.
G. Stockholders of a Corporation. — Where a suit is brought against a corporation, a purchaser of its stock cannot answer the plaintiff’s bill, unless the corporation refuses to defend. Park v. Petroleum Co., 25 W. Va. 108.
XIII.WHEN TREATED AS PETITION FOR REHEARING.
In Staples v. Staples, 85 Va. 76, 7 S. E. Rep. 199, the answer of a personal representative to a creditor’s petition asserting a judgment, may be treated as a petition for a rehearing.
XIV.AIDING DEFECTIVE BILLS.
An answer may be used to aid a defective bill and make a case, thongh on its face the bill does not state such facts as would give courts of equity jurisdiction. Salamone v. Keiley, 80 Va. 86; Green v. Massie, 21 Gratt. 356; Ambler v. Warwick, 1 Leigh 195.
XV.AMENDMENTS OF.
A. General Rule. — The courts are very reluctant to1 allow amendments to be made to an answer, unless' they be clearly upon immaterial points, and the entire matters rests in the sound discretion of the court. 4 Min. Inst. (3d Ed) 1442, 1443; Barton’s Ch. Pr. (2d Ed.) 444; Elder v. Harris, 76 Va. 187; Foutty v. Poar, 35 W. Va. 70, 12 S. E. Rep. 1096; McKay v. McKay, 33 W. Va. 736, 11 S. E. Rep. 213; Liggon v. Smith, 4 H. & M. 407; Matthews v. Dunbar, 3 W. Va. 138; Radcliff v. Corrothers, 33 W. Va. 682, 11 S. E. Rep. 228.
i. Qualifications. — Where it is evident that an' answer was filed under a mistake of fact, the general rule is relaxed and the respondent allowed to amend his answer. Liggon v. Smith, 4 H. & M. 406; 4 Min. Inst. (3d Ed.) 1443; Barton’s Ch. Pr. (2d Ed.) 445.
In White v. Turner, 2 Gratt. 502, a defendant was allowed to amend his answer for the purpose of setting up the statute of limitations in bar of the plaintiff’s claim.
It is also held that an amended answer may be allowed to explain equivocal expressions in the first answer. Tracewell v. Boggs, 14 W. Va. 254.
In Jackson v. Outright, 5 Munt. 308, it was held that even a mistake as to a matter of law was ground for the amendment of an answer.
XVI.WITHDRAWAL AND DEMURRER.
The conrt may, at its discretion, allow a defendant to withdraw his answer, and demurrer to the bill, if he has not been guilty of unreasonable delay in making the motion to do so. Weisiger v. Richmond, etc., Co., 90 Va. 795, 20 S. E. Rep. 361.